[No. 4205. Decided April 17, 1902.]

THOMAS F. MEAGHER, *Appellant*, v. FRANK HAND, *Defendant*, CITY OF SPRAGUE, *Respondent*.

ACTION ON DELINQUENT TAX CERTIFICATE — APPEAL BY HOLDER — BOND.

Laws 1897, p. 186, § 104, which provides that in actions to foreclose delinquency certificates, where appeal is taken, the party appealing shall execute a bond conditioned to "pay the amount of any taxes, assessments, penalties, interest and costs which may finally be adjudged against the real estate involved," is inapplicable to an appeal by the holder of a delinquency certificate from a judgment denying his right to foreclose the certificate, but it is sufficient in such cases that the appellant give the ordinary appeal bond.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Motion to dismiss denied.

*Myers & Warren*, for appellant.

*Samuel R. Stern*, for respondent.

PER CURIAM.—The appellant holds a certificate of delinquency for taxes assessed by the county of Lincoln against property situated in the city of Sprague as the property of one Hand, and instituted this suit to foreclose the certificate. The city of Sprague intervened in the suit, set up title in itself to the property at the time it was assessed to Hand, and claimed that the appellant's certificate was for that reason void. A trial was had on this issue, resulting in a judgment for the city, from which this appeal is taken. The city moves to dismiss the appeal for the reason that the appellant has not given the bond prescribed by § 104 of the act of 1897, relating to revenue and taxation (Session Laws 1897, pp. 136, 186). That section is as follows:

"Appeals from the judgment of the court may be taken to the supreme court at any time within six months after the rendition of said judgment, on the party praying an appeal executing a bond to the state of Washington, with two or more sureties to be approved by the court, in some reasonable amount to be fixed by the court, conditioned that the appellant will prosecute his said appeal with effect, and will pay the amount of any taxes, assessments, penalties, interest and costs which may finally be adjudged against the real estate involved in the appeal by any court having jurisdiction of the cause. But no appeal shall be allowed from any judgment for the sale of lands or lots for taxes, nor shall any writ of error to reverse such judgment operate as a supersedeas, unless the party praying such appeal, or desiring such a writ of error, shall, before taking such appeal, or suing out such a writ of error, deposit with the county treasurer an amount of money equal to the amount of the judgment and costs. If in case of an appeal, or suing out a writ of error, the judgment shall be confirmed in whole or in part, the supreme court shall enter judgment for the amount of taxes, with damages, not to exceed twenty per cent., and order that the amount deposited with the treasurer aforesaid, or so much thereof as may be necessary, be credited upon the judgment so rendered, and execution shall issue for the balance of said judgment, damages and costs. The clerk of the supreme court shall transmit to said county treasurer a certified copy of the order of affirmance, and it shall be the duty of such county treasurer, upon receiving the same, to apply so much of the amount deposited with him, as aforesaid, as shall be necessary to satisfy the amount of the judgment of the supreme court, and to account for the same as collected taxes. If the judgment of the superior court shall be reversed, and the cause remanded for a rehearing, and if, upon the re-hearing, judgment shall be rendered for the sale of the land or lot for taxes, or any part thereof, and such judgment be not appealed from, or writ of error prosecuted with supersedeas issued thereon, as herein provided, the clerk of such superior court shall certify to the county treasurer the amount of such judgment,

and thereupon it shall be the duty of the county treasurer to certify to the county clerk the amount deposited with him, as aforesaid, and the county clerk shall credit the said judgment with the amount of such deposit, or so much thereof as will satisfy the judgment, and the county treasurer shall be chargeable and accountable for the amount so credited as collected taxes. Nothing herein done shall be construed as requiring an additional deposit, in case of more than one appeal or writ of error being prosecuted in said proceedings. If, upon a final hearing, judgment shall be refused for a deed to the lands or lots for the taxes, penalties, interest and costs, or any part thereof, the county treasurer shall pay over to the party who shall have made such deposit, or his legally authorized agent or representatives, the amount of the deposit, or so much thereof as shall remain after the satisfaction of the judgment against the premises in respect of which such deposit shall have been made."

In our opinion, this section has no application to an appeal by a holder of a delinquency certificate from a judgment denying his right to foreclose the same. Such a holder is under no obligation to pay to the county or to any person any "taxes, assessments, interest, or penalties," upon the real estate involved in the appeal, nor can any such be adjudged against him or the real estate involved, whether his appeal is successful or unsuccessful. Such taxes, assessments, interest, and penalties are owing to him, if owing at all; not by him. Manifestly, the legislature did not intend to require so absurd a thing as the giving of a bond conditioned to pay taxes by the one to whom they are owing as a condition precedent to his right to appeal from a judgment denying his right to collect them. The costs of the appeal is all that the respondent can recover if the appeal is unsuccessful, and this is amply covered by the ordinary appeal bond, which the appellant did give.

The motion is denied.