[No. 4268. Decided March 19, 1903.]

PAUL SCHULTZ, *Respondent*, v. W. H. HARRIS, *Appellant*.

TAXATION—FORECLOSURE OF DELINQUENCY CERTIFICATE—APPEAL—DEPOSIT OF TAXES NECESSARY.

Under Laws 1897, p. 186, § 104, which provides that no appeal shall be allowed from the judgment upon foreclosure of certifi-

cates for delinquent taxes, unless the party praying the appeal shall, before taking such appeal, deposit with the county treasurer an amount equal to the judgment and costs, an appeal by a delinquent taxpayer will be dismissed, where such deposit has not been made (*Meagher v. Hand,* 28 Wash. 332, distinguished).

Appeal from Superior Court, Pierce County.—Hon. THAD HUSTON, Judge. Appeal dismissed.

*W. H. Harris,* for appellant.

*Fremont Campbell,* for respondent.

PER CURIAM.— This action was brought under the statute to foreclose certain certificates of delinquent taxes, which certificates were issued by the treasurer of Pierce county to the respondent. The appellant interposed a demurrer to the complaint, which demurrer was overruled. He thereupon filed an answer alleging that the assessment upon which the taxes were levied was exorbitant, and, for various reasons therein alleged, was irregular, fraudulent, and void; that the respondent had no right to foreclose the certificate of delinquency, because he was not the legal owner thereof, and that the taxes for the years 1884, 1887, 1893, 1894, and 1895, were barred by the statute of limitations. He also pleaded a tender of the amount which he admitted to be due since 1894. The respondent demurred to the answer upon several grounds, and the lower court sustained his demurrer. The appellant refused to plead further, and a judgment was entered foreclosing the certificates of delinquency, and ordering a sale of the property upon which the taxes were levied.

Respondent moves to dismiss the appeal upon several grounds, one of which is that the appellant has not deposited with the county treasurer an amount of money equal to the amount of the judgment and costs. The mo-

tion upon this ground must be sustained. It affirmatively appears by the record that no deposit has been made with the county treasurer. The statute provides, at §104, Laws 1897, p. 186, as follows:

"Appeals from the judgment of the court may be taken to the supreme court at any time within six months after the rendition of said judgment, on the party praying an appeal executing a bond to the state of Washington, with two or more sureties to be approved by the court, in some reasonable amount to be fixed by the court, conditioned that the appellant will prosecute his said appeal with effect, and will pay the amount of any taxes, assessments, penalties, interest and costs which may finally be adjudged against the real estate involved in the appeal by any court having jurisdiction of the cause. But no appeal shall be allowed from any judgment for the sale of lands or lots for taxes, nor shall any writ of error to reverse such judgment operate as a supersedeas, unless the party praying such appeal, or desiring such a writ of error, shall, before taking such appeal, or suing out such a writ of error, deposit with the county treasurer an amount of money equal to the amount of the judgment and costs. . . ."

The statute is mandatory. It provides that no appeal shall be allowed unless the party praying the appeal shall, before taking such appeal, deposit with the county treasurer an amount equal to the judgment and costs. In *Meagher v. Hand,* 28 Wash. 332 (68 Pac. 892), we held that this statute did not apply where the appeal was taken by the certificate holder. But the case at bar is the reverse of that, and the statute must be held to apply here.

The appeal is therefore dismissed.