[No. 4991.          Decided April 26, 1904.]

HIRAM L. POST, *Appellant,* v. CITY OF SPOKANE, *Respondent.*[1]

APPEAL — FINAL ORDERS — VACATION OF JUDGMENT FOR FRAUD. An order vacating a judgment and granting a new trial, for fraud, made upon petition under Bal. Code, § 5153, must be treated as a proceeding in the original cause, and is not appealable, since it is not a final order and is reviewable on appeal from the final judgment in the case.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered June 6, 1903, vacating a judgment recovered by the plaintiff, after a hearing on

[1]Reported in 76 Pac. 510.

the merits of defendant's petition to vacate the judgment for fraud in procuring it. Appeal dismissed.

*Norman Buck, Alfred M. Craven, Sullivan, Nuzum & Nuzum,* and *Barnes & Latimer,* for appellant.

*John P. Judson* and *A. H. Kenyon,* for respondent.

PER CURIAM.—In November, 1901, Hiram L. Post recovered a judgment in the superior court of Spokane county against the city of Spokane. The city appealed from that judgment to this court. The appeal was dismissed and the judgment affirmed. Thereafter the said city applied to this court for permission to file a petition in the lower court to vacate the judgment, on the ground that the same was obtained through fraud. Permission to file this petition was granted by this court as prayed for. *Post v. Spokane,* 28 Wash. 701, 69 Pac. 371, 1104. Thereupon a petition was filed in the superior court of Spokane county, setting up the facts in relation to the fraud, and praying that said judgment be set aside and a new trial granted, under the provisions of § 5153, *et seq.,* Bal. Code. The petition came on regularly for hearing, evidence was taken on behalf of both parties to the litigation, and the court sustained the petition, vacated the judgment, and ordered a new trial of the original case. Mr. Post has appealed from the order vacating the judgment. The city of Spokane now moves to dismiss the appeal, upon the ground that the order appealed from is not an appealable order.

This same question was presented in *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740, which was an application by the appellant for a writ of prohibition in this case, and we there held, in substance, that these proceedings must be treated as within the original cause,

and that appellant's remedy for errors is by appeal from the final judgment which may be rendered in the original cause. We there said:

"The reason for the holding of this court that an appeal does not lie from an order vacating a judgment is that such order may be reviewed on appeal from the final judgment, and thus avoid the probable necessity of more than one appeal in the same action. The rule is based upon the theory that all the proceedings are in the same action."

Under the rule there announced the motion must be granted and the appeal dismissed.