[No. 5379. Decided December 10, 1904.]

## J. W. BROWN, *Respondent,* v. ROSE A. DAVIS, *Appellant.*[1]

APPEALS—JUDGMENT IN TAX LIEN FORECLOSURES—APPLICATION OF SPECIAL APPEAL ACT. The special provisions of Laws 1903, p. 74, § 4, requiring appeals from the judgment in an action to foreclose a tax lien to be taken within thirty days, applies to suits by individual holders as well as county suits, and to all judgments against the owner of the land which are final in effect; hence an appeal by defendant from an order denying a motion to vacate a judgment of foreclosure, will be dismissed if not taken within thirty days (Fullerton, C. J., dissenting).

Appeal from an order of the superior court for King county, Bell, J., entered June 10, 1904, after a hearing upon affidavits before the court without a jury, denying defendant's motion to vacate a judgment foreclosing a tax lien. Appeal dismissed.

*Willett & Willett,* for appellant.

*Steele & Brown,* for respondent.

HADLEY, J.—Respondent moves to dismiss this appeal upon several grounds. An action was instituted to foreclose a delinquency tax certificate, of which the respondent was the holder. On the 21st day of August, 1903, an order of default was entered against appellant, and this was followed by the entry of a decree of foreclosure on the same day. Thereafter and on May 27, 1904, the appellant appeared in the same action, and, by motion, asked the court for an order vacating said decree. The motion to vacate was denied by an order duly entered June 17, 1904. Notice of appeal from the last mentioned order was served upon respondent's attorney August 30, 1904.

1Reported in 78 Pac. 779.

The first ground urged for dismissal is that the appeal was not taken within thirty days after the entry of the order denying the motion to vacate the judgment. Respondent contends that the appeal should have been taken within thirty days, under the terms of § 4, p. 74, *et seq.*, Sess. Laws, 1903. It will be observed, by reference to that section, that appeals from the judgment of foreclosure in a tax proceeding must be taken within thirty days, and respondent urges that the same rule must apply to an appeal from an order in the same action refusing to vacate such a judgment. Appellant argues that the statute cited does not apply to appeals where the litigation is between a private certificate holder and the owner of the property, and that it applies solely to foreclosures conducted in the name of the county. We find no sufficient reason appearing in the statute for such a distinction, and we believe the time named in the statute was intended to apply to all appeals from foreclosure judgments in tax proceedings.

But appellant further urges that, in any event, the statute especially relates to appeals from a tax foreclosure judgment only, and that this is not such an appeal, but is one from an order refusing to vacate a judgment. It is argued that, since the revenue statute does not, in terms, refer to appeals from such orders or judgments as the one sought to be reviewed here, we must therefore refer to the general statute relating to appeals. If the general statute applies here, the appeal was taken in time. The judgment was final as to appellant's demand, and the appeal was taken within ninety days. The revenue statute cited, in terms, provides that "appeals from the judgment of the court may be taken to the supreme court at any time within thirty days" etc. It is true, the judgment theretofore specially mentioned in the stat-

ute is the one foreclosing the tax lien, but the words "the judgment of the court" seem to be broad enough to comprehend any final judgment rendered in the action against the owner of the land whereby he is deprived thereof. The tax foreclosure proceeding is a special one, governed by special statutory rules, and, if appellant's contention should obtain, it would lead to the anomalous result of a special limitation as to an appeal from the judgment of foreclosure, while the general limitation would apply to another order or judgment in the same proceeding, and one which is final in effect. Either one is "the judgment of the court," and we think must be subject to the same limitation under the statute.

The appeal is therefore dismissed.

MOUNT, DUNBAR, and ANDERS, JJ., concur.

FULLERTON, C. J. (dissenting)—I dissent. The rules governing the right of appeal are fixed by statute. The statute in plain terms provides that an appeal from an order refusing to vacate a judgment may be taken at any time within ninety days after the entry of the order, and I see no more reason for refusing to follow the mandate of the statute in this case than in any other. Courts should not be over zealous in searching for reasons for the dismissal of appeals. The purpose of an appeal is to have a review of a cause upon its merits, and the construction of the statutes should be with a view to accomplish that end, rather than to dispose of them without such review.