[No. 5172. Decided March 22, 1905.]

GEORGE PEDIGO, *Respondent,* v. ANNIE L. FULLER, *et al., Appellants.*[1]

TAXATION—APPEAL—TIME FOR TAKING IN TAX LIEN FORECLOSURE PROCEEDINGS—VACATION OF JUDGMENT. An appeal from an order denying a motion to vacate a tax foreclosure judgment must be taken within thirty days (Fullerton, J., dissenting).

APPEAL AND ERROR—TIME FOR TAKING—EXTENDING BY PETITION FOR RECONSIDERATION. Where a motion to vacate a judgment is denied the time for taking an appeal from the order cannot be extended by the filing of a petition to reconsider the order of denial, and the taking of an appeal from an order refusing to grant the reconsideration.

Appeal from orders of the superior court for King county, Hatch, J., entered July 14, 1903, and September 26, 1903, denying defendants' motions to vacate a judgment and to reconsider the former ruling. Appeal dismissed.

*Palmer & Thomas,* for appellants.

*Sachs & Hale,* for respondent.

HADLEY, J.—This is an action foreclosing a general tax lien. Judgment by default was entered August 31, 1900. Nearly three years afterwards, on June 8, 1903, certain

[1]Reported in 79 Pac. 1129.

of the defendants filed a motion to vacate the order of default and the judgment. The motion was denied on July 14, 1903. Thereafter, on September 22, of the same year, said defendants filed a so-called petition for a reconsideration of the order denying the motion to vacate. The court refused to grant the petition on September 26. Thereafter on October 9, said defendants served notice of appeal from the order of July 14, and also from the order of September 26, refusing to reconsider the first order. Respondent moves to dismiss the appeal, for the reason that it was not taken in time.

It will be seen that, when the appeal was taken, more than thirty days had elapsed since the entry of the order denying the motion to vacate. This being a tax foreclosure proceeding, the point raised is the same as that considered by this court in *Brown v. Davis,* 36 Wash. 135, 78 Pac. 779. We there held that an appeal from an order denying a motion to vacate a tax foreclosure judgment is governed, as to the time of taking it, by the provisions of the revenue statute, and must be taken within thirty days. The same rule applies here unless, for reasons hereinafter stated, this case should be distinguished from the one cited.

It will be remembered that, some time after the entry of the order denying the motion to vacate, a petition for the reconsideration of that order was presented and denied. Did the petition and last order have the effect to enlarge the time for appeal from the order denying the vacation? We think not. The petition for reconsideration was an effort to get the court to vacate the order by which it denied the vacation of the judgment. A decision upon the petition involved the same legal questions that were decided upon the motion to vacate. The proceeding by the petition for reconsideration is unknown to our practice, so far as we are informed. If such a proceeding could have the effect to enlarge the time for appeal from such an order,

then another petition to reconsider the denial of the first one could be presented, with still others to follow. Thus the time for appeal could be indefinitely extended. Such cannot be the law. The time for appeal began to run when the order denying the vacation of the judgment was made, and it was not extended by the subsequent proceedings.

For the foregoing reasons the appeal is dismissed.

MOUNT, C. J., DUNBAR, ROOT, RUDKIN, and CROW, JJ., concur.

FULLERTON, J. (dissenting)—The appeal was taken within ninety days from the entry of the order overruling the motion to vacate, and was, as I read the statute, within time. The case should have been heard upon its merits.