(No. 5503.   Decided July 14, 1905.)

PLUMA M. HARRIS, *Appellant*, v. ANNIE LEVY *et al.*,
*Respondents.*[1]

TAXATION—FORECLOSURE—APPEAL—TIME FOR TAKING.  Laws 1903,
§ 4, providing that an appeal from a judgment in a tax lien fore-
closure shall be taken within thirty days, applies to a judgment
dismissing the action.

Appeal from a judgment of the superior court for King
county, Bell, J., entered June 20, 1904, after vacating a
default judgment, dismissing an action to foreclose a tax
lien, upon denying a motion to require the defendants to
answer.  Appeal dismissed.

*E. F. Kienstra,* for appellant.

*G. E. de Steiguer* and *R. R. George,* for respondents.

HADLEY, J.—This action was instituted to foreclose a
general tax lien.  On the 7th day of October, 1903, a decree
of foreclosure was entered, upon the default of the defend-
ants.  A tax deed was issued in pursuance thereof.  There-
after the defendants moved to vacate the decree and for
the cancellation of the deed, for permission to pay the taxes
and costs, and for restitution of the property.  This motion
was granted, by an order entered December 11, 1903.  On
the 10th day of March, 1904, the plaintiff appealed from
the last named order.  Said appeal was dismissed by this
court on the 27th day of May, 1904.  Thereafter the plain-

[1] Reported in 81 Pac. 550.

tiff moved the superior court for an order requiring the defendants to answer the complaint in the cause. This motion was denied, by an order entered June 14, 1904, and by the same order the court dismissed the action. The order recites that the defendants had, with their motion to vacate the judgment, paid into court the full amount of plaintiff's claim, taxes, interest and costs. This appeal is prosecuted by the plaintiff from the last mentioned order.

Respondents have moved to dismiss the appeal and, among other grounds, they urge that the appeal was not taken in time. The notice of appeal was served September 9, 1904, being eighty-seven days after the entry of the order. This cause is prosecuted as a special proceeding under the statute authorizing foreclosure of tax liens. Chapter 59 of the session laws of 1903, § 4, outlines the necessary procedure for appeal in such cases. It is provided that the appeal shall be taken within thirty days after the rendition of the judgment. This court has already construed the statute to mean that said period applies not alone to the judgment of foreclosure, but to other judgments of final effect in the action. *Brown v. Davis,* 36 Wash. 135, 78 Pac. 779; *Pedigo v. Fuller,* 37 Wash. 529, 79 Pac. 1129. The judgment of dismissal was a final determination of the case against appellant, and her appeal should have been taken within thirty days. The appeal is therefore dismissed.

MOUNT, C. J., CROW, RUDKIN, and DUNBAR, JJ., concur.