[No. 5800. Decided December 13, 1905.]

JOHN SENGFELDER et al., Respondents, v. POWELL-SANDERS COMPANY, Appellant.[1]

APPEAL—APPPEALABLE ORDERS—VACATION OF JUDGMENT BY SEPA-RATE ACTION. An order vacating a judgment is not appealable as a final order when its effect is to grant a new trial and not to terminate the rights of the party, although made in a separate action to set aside the judgment.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered March 20, 1905, in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to vacate a judgment. Appeal dismissed.

Cullen & Dudley, for appellant.

R. J. Danson, for respondents.

DUNBAR, J.—This is an appeal from an action of the superior court of Spokane county vacating a judgment. Respondents move to dismiss the appeal, for the reason that an order vacating a judgment is not appealable. That an order vacating a judgment is not appealable is the settled law of this state. See, Freeman v. Ambrose, 12 Wash. 1, 40 Pac. 381; Nelson v. Denny, 26 Wash. 327, 67 Pac. 78. Of course,

1Reported in 82 Pac. 931.

there might be a case where the vacation of a judgment would terminate the rights of a party, and which could not be reviewed on appeal. In such case the vacation and order vacating a judgment would be appealable. But that question is not involved in the case at bar. The appellant undertakes to escape the result of the rulings of this court by insisting that, inasmuch as this is a separate action for the vacation of a judgment and not an action in the original case, it does not fall within the rule established by this court. But this question has also been many times passed upon by this court, and in *Reitmeir v. Siegmund,* 13 Wash. 624, 43 Pac. 878, the court said:

"We held in *Freeman v. Ambrose,* 12 Wash. 1, 40 Pac. 381, that an order of this kind, when made upon motion in the original action, was not appealable. But it is claimed by the appellants that from the fact that this order was made in an original proceeding instituted for the purpose of having the judgment vacated, it does not come within the rule announced in that case. No good reason can be given for the distinction thus sought to be made. The object is the same whether the proceeding be by motion in the original case or by petition in a new one, and the effect of the order, whether made in one proceeding or the other is the same."

See, also, *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740; *Post v. Spokane,* 35 Wash. 114, 76 Pac. 510.

Outside of authority, it is manifest that the only result of the action in either case is to obtain a new trial. Hence, it is in effect a proceeding in the case, and the form of the action is entirely immaterial.

The motion to dismiss will be sustained.

MOUNT, C. J., ROOT, CROW, RUDKIN, and HADLEY, JJ., concur.