[No. 7728. Decided November 2, 1908.]

THE CITY OF TACOMA, *Respondent*, v. WILLIAM BIRMINGHAM COMPANY, *Appellant*.[1]

EMINENT DOMAIN—PROCEEDINGS—APPEAL—TIME FOR TAKING. An appeal from an order setting aside a verdict and judgment and dismissing condemnation proceedings, on motion of the plaintiff, is governed by Laws 1907, p. 338, providing that all appeals in condemnation proceedings shall be taken within thirty days from the date of the rendition of the judgment appealed from; and the general act allowing appeals from orders vacating a judgment within ninety days has no application.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered August 12, 1908, setting aside a

[1]Reported in 97 Pac. 971.

verdict and judgment and dismissing a condemnation proceeding, on motion of the plaintiff.   Appeal dismissed.

*James M. Ashton* and *W. H. Hayden,* for appellant.

*T. L. Stiles, F. R. Baker,* and *Frank A. Latcham,* for respondent.

DUNBAR, J.—This is a motion to dismiss an appeal from an order dismissing a proceeding to condemn certain personal property situated in a street in the city of Tacoma.   The city commenced the proceeding, a jury assessed the damage, and a judgment was entered thereon.   The city then moved the court to set aside the judgment and verdict and dismiss the proceeding, on the ground that there was no jurisdiction of the subject-matter, and the motion was granted and an order entered accordingly, on the 12th day of August, 1908.

The notice of appeal from that order was served October 7, 1908, fifty-six days after its entry.   This motion to dismiss is made on the ground that the time for appealing had passed, under section 51 of the act of 1907, p. 338, under which this proceeding was taken, and which provides that all appeals must be taken within thirty days from the date of rendition of the judgment appealed from.   Counsel for appellant concedes the provision of the statute limiting the appeal to thirty days, but insists that the appeal is in substance from a final order vacating a judgment; that the order of the court was in effect the vacation of a judgment; that the appellant was compelled to mention the dismissal in the notice of appeal on account of respondent including its order of dismissal in the order vacating the judgment; that therefore the appeal, being from an order vacating a judgment, falls within the general statute in that respect, and that an appeal taken any time within ninety days meets the requirements of the law.   This contention we think cannot be sustained, under the provisions of the statute, which seem to be sweeping; the statute providing that, except as herein otherwise provided, the practice

and procedure under this act in the superior court and in relation to the taking of appeals and prosecution thereunder, shall be the same as in other civil actions, but all appeals must be taken within thirty days from the date of the rendition of the judgment appealed from. The action was brought under the provisions of the act of 1907, and the law providing that all appeals from judgments which are obtained under the provisions of this act must be taken within thirty days from the rendition of the judgment seems to leave little room for discussion.

But in addition to the seemingly plain provisions of this statute, this court has decided in *Brown v. Davis*, 36 Wash. 135, 78 Pac. 779, that § 4, p. 74, Laws of 1903, requiring appeals from the judgment in an action to foreclose a tax lien to be taken within thirty days, applies to an appeal from an order denying a motion to vacate a judgment, and held that an order vacating the judgment was an order within the provisions of the statute providing for the limitation of the time for appeal. To the same effect are, *Pedigo v. Fuller*, 37 Wash. 529, 79 Pac. 1129, and *Harris v. Levy*, 39 Wash. 158, 81 Pac. 550.

The motion to dismiss the appeal must be sustained.

Mount, Root, Fullerton, and Rudkin, JJ., concur.

Hadley, C. J., and Crow, J., took no part.