[No. 7570. Decided December 8, 1908.]

J. H. McCausland et al., Appellants, v. M. S. Bailey et al., Respondents.[1]

Appeal — Notice — Time for Taking Appeal — Taxation—Foreclosure' Proceedings. The time within which an appeal must be prosecuted from a final judgment in an equitable action to set aside a tax judgment and tax sale and quiet title must be determined by reference to Laws 1903, p. 75, relating to appeals from judgments in tax foreclosure proceedings, fixing thirty days, and not to the general law limiting appeals from final judgments to ninety days (Fullerton and Rudkin, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Morris, J., entered January 8, 1908, dismissing an action to set aside a tax deed and quiet title, upon sustaining demurrers to the complaint. Appeal dismissed.

J. D. Bauer and Thomas & Rutherford, for appellants.

Louis Henry Legg, for respondents.

Dunbar, J.—This action was brought by plaintiffs against the defendants, to set aside a tax foreclosure judgment, sale

[1] Reported in 98 Pac. 327.

and deed, and quiet title in plaintiffs, as against the defendants, in and to lots 11 and 12, block 11, Lake Union Second Addition to Seattle, the defendants claiming title to said lots under a tax deed. A demurrer was sustained to the plaintiffs' complaint; an amended complaint was filed, to which, also, a demurrer was sustained; and the plaintiffs electing to stand upon their amended complaint, judgment of dismissal was entered, from which this appeal is taken.

Respondents move the court to dismiss the appeal of appellants, and for judgment against appellants and the sureties on their bond, for the reason that the appeal was not taken within thirty days after the date of the entry of the judgment. This motion, we think, must be sustained. Pierce's Code, § 8698 (Laws 1903, p. 75), relating to judgments in tax foreclosure proceedings, provides as follows: "Appeals from the judgment of the court may be taken to the supreme court at any time within thirty days after the rendition of said judgment," etc. This provision has been construed by this court in *Brown v. Davis*, 36 Wash. 135, 78 Pac. 779; *Pedigo v. Fuller*, 37 Wash. 529, 79 Pac. 1129; and *Harris v. Levy*, 39 Wash. 158, 81 Pac. 550; where it was held that said limitation on the time of appeals applied to judgments in tax foreclosure proceedings and upon orders denying motion to vacate the tax foreclosure judgment. The only distinction between those cases and the case at bar is that this is an action in equity to set aside a tax foreclosure judgment. But in *Brown v. Davis, supra,* this court, in discussing the claim that was made in that case that the statute did not apply to actions where the vacation of the judgment was sought, said:

"But appellant further urges that, in any event, the statute especially relates to appeals from a tax foreclosure judgment only, and that this is not such an appeal, but is one from an order refusing to vacate a judgment. It is argued that, since the revenue statute does not, in terms, refer to appeals from such orders or judgments, as the one sought to be reviewed here, we must therefore refer to the general statute relating to appeals. If the general statute applies here the

appeal was taken in time. The judgment was final as to appellant's demand, and the appeal was taken within ninety days. The revenue statute cited, in terms, provides that 'appeals from the judgment of the court may be taken to the supreme court at any time within thirty days,' etc. It is true, the judgment theretofore specially mentioned in the statute is the one foreclosing the tax lien, but the words 'the judgment of the court' seem to be broad enough to comprehend any final judgment rendered in the action against the owner of the land whereby he is deprived thereof."

It seems to us that the reason of the court in that case applies equally to the case at bar, and that the action in this case is in effect an action to vacate the judgment. When the court refuses to vacate a judgment, the whole matter in controversy is ended; and upon the trial of the cause in the equitable action to set aside the judgment, the result is exactly the same. There were two modes of attack, either of which could have been adopted by the appellants in this case; to move directly in the tax foreclosure to vacate the judgment, as in the case just cited, or to bring an independent suit in equity for that purpose, as the appellants here have done. The final effect being the same, it would seem that the object of the law in limiting the time for appeal in tax foreclosure proceedings would equally apply to both. In addition to this, it has been the uniform holding of this court that judgments stand upon the same footing, whether rendered in the original action on motion to vacate or in an independent action brought for that purpose. *Post v. Spokane*, 35 Wash. 114, 76 Pac. 510; *Sengfelder v. Powell-Sanders Co.*, 40 Wash. 686, 82 Pac. 931.

In *Sengfelder v. Powell-Sanders Co.*, *supra*, this court said:

"Outside of authority, it is manifest that the only result of the action in either case is to obtain a new trial. Hence, it is in effect a proceeding in the case, and the form of the action is entirely immaterial."

The same may be said here—that the result sought is the same whether the proceedings be a motion in the case to vacate

the judgment, or an action in equity to set aside the judgment. The form of the action is equally immaterial. It is true, it is suggested by the respondents that a demand is also made in the complaint in this action for the quieting of the title to the lands in question in the appellants. But this, of course, is only an incident to the main issue, a result which would naturally follow if the appellants should have prevailed.

The motion to dismiss will be sustained.

HADLEY, C. J., MOUNT, and CROW, JJ., concur.

FULLERTON, J. (dissenting)—I am of the opinion that appeals in actions of this character are governed by the general statute relating to appeals, and not by the special statute regulating appeals from tax judgments. I think the case should be decided upon its merits, and I therefore dissent from the judgment directed to be entered.

RUDKIN, J. (dissenting)—Inasmuch as the judgment appealed from should be affirmed on the merits, I concur in the result; but I am clearly of the opinion that the time within which an appeal must be prosecuted from a final judgment in an equitable action to set aside a tax judgment and tax sale and quiet title is regulated and controlled by the general appeal statute, and not by the special statute regulating appeals from tax judgments.