[No. 7842. Decided May 24, 1909.]

H. M. GOULD et al., Appellants, v. H. KNOX et al., Respondents.[1]

APPEAL — NOTICE — TIME FOR TAKING — TAXATION — FORECLOSURE PROCEEDING. Laws 1903, p. 75, § 4, requiring an appeal to be taken from a judgment in a tax foreclosure case within thirty days, has no application to appeals from judgments in independent actions in equity to set aside a tax foreclosure judgment and sale and to quiet title, which must be taken within ninety days (DUNBAR, MOUNT, and CROW, JJ., dissenting). McCausland v. Bailey, 51 Wash. 183, overruled.

TAXATION—ACTION TO SET ASIDE TAX SALE—REDEMPTION—TENDER —WAIVER. Purchasers at a tax foreclosure, by asserting title and refusing to consider a tender of the taxes, waive the tender required by Bal. Code, § 5678, as a condition precedent to action to set aside the sale.

PROCESS—SUMMONS BY PUBLICATION—SUFFICIENCY. Under Laws 1897, p. 182, § 96, authorizing service of summons by publication directing the defendant to appear within sixty days after the date of the first publication, a summons requiring the defendant to appear within sixty days after the "service" of the summons is insufficient to confer jurisdiction to enter judgment by default.

Appeal from a judgment of the superior court for King county, Griffin, J., entered April 9, 1908, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to vacate tax sales and to cancel a tax deed. Reversed.

*H. H. Eaton* and *Sullivan & Stevens,* for appellants.

*William C. Keith,* for respondents.

CHADWICK, J.—This is a suit in equity, brought by plaintiffs to set aside two tax sales, each involving forty acres in King county, and to cancel a tax deed executed in consequence thereof. The case was tried, and a decree entered in the court below on the 9th day of April, 1908, in favor of defendants, from which decree plaintiffs have appealed.

[1]Reported in 101 Pac. 886.

From the record it appears that a motion for a new trial was filed by appellants and overruled by the court, on the 16th day of May, 1908. Notice of appeal was given August 13, 1908, eighty-seven days after the time for appeal had begun to run. We are met at the threshold with a motion to dismiss the appeal. It will be seen that the appeal was not taken within thirty days after the time for appeal began to run, and for that reason the case falls squarely within the rule announced in the late case of *McCausland v. Bailey*, 51 Wash. 183, 98 Pac. 327, and if that case is to be allowed to stand as authority, the appeal must be dismissed. In *Brown v. Davis*, 36 Wash. 135, 78 Pac. 779, the rule was announced that § 4 of the act of 1903 (Laws 1903, p. 75), requiring an appeal to be taken from a judgment in a tax foreclosure case within thirty days from the time of its rendition, applied to a motion to vacate a judgment entered in such cases. This was affirmed in the case of *Pedigo v. Fuller*, 37 Wash. 529, 79 Pac. 1129, and the case of *Harris v. Levy*, 39 Wash. 158, 81 Pac. 550, wherein the act of 1903 was applied to a judgment dismissing an action in a tax case. In the latter case the court said, speaking of the thirty-day limit for appeals:

"This court has already construed the statute to mean that said period applies not alone to the judgment of foreclosure, but to other judgments of final effect in the action."

The *McCausland* case extended this doctrine to cover an appeal from a decree rendered in an independent suit in equity brought to cancel and set aside a tax deed alleged to be the product of the void foreclosure proceeding. The court said:

"The only distinction between those cases and the case at bar is that this is an 'action in equity to set aside a tax foreclosure judgment."

After quoting from the case of *Brown v. Davis, supra*, the opinion continues:

"It seems to us that the reason of the court in that case applies equally to the case at bar, and that the action in this

case is in effect an action to vacate the judgment. When the court refuses to vacate a judgment, the whole matter in controversy is ended; and upon the trial of the cause in the equitable action to set aside the judgment, the result is exactly the same. There were two modes of attack, either of which could have been adopted by the appellants in this case; to move directly in the tax foreclosure to vacate the judgment, as in the case just cited, or to bring an independent suit in equity for that purpose, as the appellants here have done. The final effect being the same, it would seem that the object of the law in limiting the time for appeal in tax foreclosure proceedings would equally apply to both. In addition to this, it has been the uniform holding of this court that judgments stand upon the same footing, whether rendered in the original action on motion to vacate or in an independent action brought for that purpose. *Post v. Spokane*, 35 Wash. 114, 76 Pac. 510; *Sengfelder v. Powell-Sanders Co.*, 40 Wash. 686, 82 Pac. 931. In *Sengfelder v. Powell-Sanders Co.*, supra, this court said: 'Outside of authority, it is manifest that the only result of the action in either case is to obtain a new trial. Hence, it is in effect a proceeding in the case, and the form of the action is entirely immaterial.' The same may be said here—that the result sought is the same whether the proceedings be a motion in the case to vacate the judgment, or an action in equity to set aside the judgment. The form of the action is equally immaterial. It is true, it is suggested by the respondents that a demand is also made in the complaint in this action for the quieting of the title to the lands in question in the appellants. But this, of course, is only an incident to the main issue, a result which would naturally follow if the appellant should have prevailed."

All of the questions raised in the cases cited in the *McCausland* case occurred in the original action. These cases should not be taken as authority to sustain the proposition here involved, unless we are willing to hold that the procedure outlined in the act of 1903 is exclusive of all other remedies, in cases where the legality of a tax foreclosure proceeding is incidentally involved. Upon no other theory can the *McCausland* case be sustained. We think it can hardly be asserted that it was the intention of the legislature to abolish the settled practice and jurisdiction of courts of equity, and

exclude from their consideration actions brought to quiet title
to land, when the cloud arose out of a void tax foreclosure
proceeding. It is certain that the act in question does not
in terms undertake to deprive a party of any existing remedy,
and it seems to us that it will not bear that construction. On
the contrary, it excludes any such hypothesis. In both the
title and body of the act it goes no further than to cover the
practice in tax foreclosure cases. The section now under dis-
cussion, when considered in its entirety, shows that the legis-
lature intended to declare a rule of practice in cases in which
the public had an interest, whether the case be prosecuted by
the county or by an individual. Else, why this language?

" . . . . no bond given on appeal as herein provided
shall operate as a supersedeas, unless the party taking such
appeal shall before the time of giving notice of such appeal,
and within thirty days herein allowed within which to appeal,
deposit with the county treasurer of the county in which the
land or lots are situated, an amount of money equal to the
amount of the judgment and costs rendered in such cause by
the trial court." Laws 1903, p. 75, § 4.

This is an action prosecuted by one who claims to own the
land, and who alleges that he has tendered the amount of
all taxes, interest, penalties, and costs paid by respondents,
which, by Bal. Code, § 5678 (P. C. § 8733), is made a con-
dition precedent to the maintenance of their suit. The county
and the state have no interest. Appellants cannot deposit the
amount of taxes with the county treasurer to abide the result
of the action. There is no law authorizing the treasurer to
receive it, or to act as stakeholder between private litigants.
If the public, then, has no interest, the reason for the special
limit of thirty days for an appeal fails, and the parties should
be relegated to the ordinary forms and procedure for appeal-
ing cases. In the *McCausland* case the fact that § 4 of the
act of 1903 (Laws 1903, p. 75), in so far as it relates to
bonds on appeal, had been before this court and that it had
been held that that part of the section did not apply other
than to a direct appeal in tax cases, although involving the

legality of a tax deed, seems to have been overlooked.   In *Owen v. Owen,* 41 Wash. 642, 84 Pac. 606, in speaking of that part of § 4, the court said:

"The bond provided for in the revenue law is applicable only in a case where an appeal is taken directly from a judgment foreclosing the tax lien or certificate which judgment is sought to be superseded during the appeal.   In other cases a bond with such conditions would be useless.   There could be no liability upon it except such as would exist against the bond provided by the general statute governing appeals.   It cannot be supposed that the legislature intended to require a useless and idle ceremony.   We think the entire proceeding regarding the bond is governed by the general statute of appeals, and that this case falls within the principles announced in *Meagher v. Hand,* 28 Wash. 332, 68 Pac. 892, and *Nolan v. Arnot,* 36 Wash. 101, 78 Pac. 463."

It will thus be seen that the court has held that the time in which an appeal shall be taken in tax foreclosure cases, as provided in § 4, shall be extended to cover all cases of whatever nature involving a tax foreclosure proceeding; and at the same time held, in at least three other cases, in construing the latter part of the section relating to the bond on appeal, that the act applies only to foreclosure proceedings arising under the special statute.   Although the final result may be the same, in that an owner may recover his property, and although that consideration may with propriety have been considered by the legislature, it nevertheless has occurred to a majority of the court as now constituted that the court went beyond the legitimate limit of construction when it declared in the *McCausland* case that an appeal should be prosecuted in an ordinary suit in equity within thirty days after judgment in the lower court.   We now hold that the general statute relating to appeals applies to all independent suits in equity to set aside a tax judgment and sale and to quiet title, and therefore overrule the case of *McCausland v. Bailey, supra.*

This disposition of the motion to dismiss brings us to the merits of the case.   The lower court dismissed the action for

the reason that an insufficient tender was made. In this conclusion the court erred. The testimony shows that the respondents asserted title to the land and refused to consider the tender or the amount thereof. Such conduct on their part constituted a waiver of the payment or tender prescribed by Bal. Code, § 5678 (P. C. § 8733). *Griesemer v. Mutual Life Ins. Co.*, 10 Wash. 202, 38 Pac. 1031; *Zeimantz v. Blake,* 39 Wash. 6, 80 Pac. 822; Hunt, Tender, par. 26.; *Bender v. Bean,* 52 Ark. 132, 146; *Bright v. Boyd,* 1 Story (U. S.) 478; 27 Am. & Eng. Ency. Law (2d ed.), pp. 857-8. Respondents having indicated that a tender would have been ineffectual, and having set up the strength of their own title, the only question to be determined is the regularity of the tax foreclosure proceeding. The attempted foreclosure was void within the rule announced in the following cases: *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043; *Smith v. White,* 32 Wash. 414, 73 Pac. 480; *Woodham v. Anderson,* 32 Wash. 500, 73 Pac. 536; *Dolan v. Jones,* 37 Wash. 176, 79 Pac. 640.

No finding was made by the lower court either as to the amount of taxes, penalties, interest, and costs, or as to the value of improvements placed upon the land by respondents. Owing to the unsatisfactory state of the record, we have decided to remand this case with instructions to the court below to determine these facts under chapter 137, Laws 1903, p. 262, and to enter judgment accordingly.

Rudkin, C. J., Fullerton, Gose, and Parker, JJ., concur.

Dunbar, J. (dissenting)—The further discussion of the motion involved in this case would seem to be unprofitable, in view of the fact that anything I could say in support of said motion would only be a repetition in substance of what has been said by this court at least half a hundred times, viz., that the form or name of an action is immaterial. The whole argument of the majority, it seems to me, is simply an attempt to refute this wholesome rule and establish the worship

of a name instead of an essence. The Bard of Avon, some hundreds of years ago, made the announcement that there was nothing in a name; that "A rose by any other name would smell as sweet." This poetical expression has, I think, always been regarded as a truism, and it is regrettable that it should at this late day meet with a judicial reversal. On this question I am, therefore, compelled to dissent.

CROW, J. (dissenting)—The deliberate, construction of a statute involving practice and procedure should not be overthrown immediately after its announcement by this court. Under our former holdings the motion to dismiss should be sustained. The doctrine of *stare decisis* should receive some recognition. I therefore dissent.

MOUNT, J., concurs with CROW, J.