[No. 7629. Department One. June 11, 1909.]

Robert Kath, *Appellant*, v. S. L. Brown, *Respondent*,
Histogenetic Medicine Company, *Intervener
and Respondent*.[1]

Appeal—Decision—Effect—Judgment—Vacation. After a judgment has been affirmed on appeal, the superior court has no jurisdiction of an action to vacate it for fraud, the supreme court not having granted leave to attack it.

Appeal from a judgment of the superior court for King county, Morris, J., entered May 6, 1908, denying a petition to vacate a judgment for fraud, after a trial on the merits before the court. Affirmed.

*Bevington & Finch*, for appellant.

*Jay C. Allen*, for intervener.

Chadwick, J.—On the 17th day of December, 1906, a judgment was rendered by Honorable William R. Bell, acting as judge *pro tempore*, in an action wherein appellant was plaintiff and S. L. Brown was defendant, and the Histogenetic Medicine Company, a corporation, was intervener. The decision of the judge *pro tempore* was adverse to plaintiff. A motion for a new trial supported by affidavits. was introduced. We do not find the motion for a new trial or the affidavits in support thereof in the record, but the breadth of the motion can be measured by the order of the court entered on the 29th day of December, 1906, which is as follows:

"Be it remembered that the above entitled matter came on regularly for hearing on the 29th day of December, 1906, upon the motion of the plaintiff for an order vacating the judgment and decree heretofore entered herein and for a new trial, plaintiff appearing by his attorneys, and intervener appearing by its attorney Jay C. Allen, and the court considering the affidavits filed in support of said motion, and after argument of counsel and being fully advised in the law and

[1]Reported in 102 Pac. 424.

the premises, does deny said motion, to which order and ruling plaintiff excepts and an exception is allowed."

An appeal was prosecuted from that judgment to this court. Thereafter a motion supported by affidavit, showing the appeal to have been abandoned, was entertained by this court, and a judgment affirming the judgment of the court below was entered. A remittitur went down on the 8th day of July, 1907. On the 20th day of July following, appellant, who was plaintiff in the first instance, as he is now, filed his petition in the court below to vacate the judgment originally entered, upon grounds sounding in fraud and conspiracy between his attorney, the intervener, and others who had been connected with the transaction attending the transmission of title from appellant to the respondent. This petition came on regularly to be heard before the Honorable George E. Morris, then a superior judge of King county, who evidently tried the full merits of the original controversy between the parties, as well as the charges of fraud and conspiracy. We are aware that it is the contention of the appellant that this is not so, but the record hardly bears out his contention. Evidence upon every issue was tendered by the appellant and challenged by respondent, witnesses impeached, and characters assailed. All documents and records having any possible, even remote, bearing upon the differences existing between the parties were introduced, and the ruling of the court, which is made a part of the transcript, clearly shows that he decided the case as if upon the merits and finally.

While in *Williams v. Breen*, 25 Wash. 666, 66 Pac. 103, we held that it was not necessary or within the contemplation of the law for a court to try out the merits of a case upon petition to vacate a judgment, but rather to determine the probability of merit, we have deemed it not improper to make these observations to show that, were we to enter into a discussion of the facts, it would involve the repetition of a trial already twice had and twice determined. Admitting merely

31—53 WASH.

for the sake of argument that the two learned judges who
have decided against appellant were wrong in their conclu-
sions, he is nevertheless met by a proposition of law which
not only bars us of our inclination to review the testimony
in this opinion, but precludes his recovery. The trial judge
had no jurisdiction to entertain the petition now before us.
When the judgment of this court affirming the judgment of
the judge *pro tempore* was remitted to the lower court, it
became in legal effect conclusive upon all the parties to the
action in that court, unless recalled or attacked by permission
first obtained upon proper showing here. This was not done.
Immediately following the remittitur, the petition was filed.
In *Post v. Spokane*, 28 Wash. 701, 69 Pac. 371, 1104, the
court said:

"Upon satisfactory showing being made in this court,
leave has been granted in some instances to attack judgments
which have been affirmed here. We are not, however, aware
of any published decision which shows such leave to have
been granted. It is manifest that this court must reserve
to itself the right to determine each particular case from the
showing made, and no general rule can be announced as ap-
plicable to all cases. Certainly no permission can be granted
to disturb the judgments affirmed or entered by this court
unless it is made reasonably to appear that the ends of jus-
tice require it. But the precedent of entertaining and con-
sidering such applications has already been established.
Since our published reports contain nothing upon this sub-
ject, as far as we are now informed, we have thought it
proper to make these observations in this connection, in order
that the precedent established may be more generally un-
derstood."

See, also, *State ex rel. Post v. Superior Court*, 31 Wash. 53,
71 Pac. 740, and *Post v. Spokane*, 35 Wash. 114, 76 Pac.
510. This rule, as will be conceded, is a rule of necessity.
Otherwise the judgments of this court would not be final, but
the objects of attack at will.

Appellant had his day in court, and cannot be heard fur-
ther. While it is our boast that the courts of our country

are always open, it does not follow that they are open always. There must be an end of litigation over a given subject-matter. The court below being without jurisdiction, it follows that there is no controversy before us of which we can take cognizance.

The judgment of the lower court is affirmed.

RUDKIN, C. J., FULLERTON, and GOSE, JJ., concur.

MORRIS, J., took no part.