[No. 8380. Department Two. October 29, 1909.]

LAURA P. BARKER, Appellant, v. OTTO MUEHLER, Respondent.[1]

TAXATION—SALE OF LAND—FORECLOSURE OF CERTIFICATE—STATUTES —CONSTITUTIONAL LAW—OBLIGATION OF CONTRACT. A certificate of purchase of lands forfeited to a county for taxes, pursuant to Laws 1893, p. 323, §§ 115, 134, entitles the holder to a tax deed upon application within one year after the time for redemption expires; and the certificate was not converted into a certificate of delinquency that could be foreclosed by the act of 1897, p. 136, § 116, since the legislature could not impair the obligation of the contract; and an action to foreclose the same is properly dismissed.

[1]Reported in 104 Pac. 637.

SAME—STATUTES—CONSTRUCTION. Laws 1897, p. 136, § 116, authorizing the foreclosure of prior tax liens is expressly limited to lands forfeited to the county for taxes due and remaining unpaid at the date of the passage of the act, and was not intended to apply to forfeited lands upon which the taxes had already been paid by purchasers and certificates of purchase issued under the law of 1893.

SAME—TAX DEED—LIMITATIONS. A certificate of purchase issued for lands forfeited to a county for taxes under the act of 1893, is void under § 133 of the act, if a deed is not taken out and recorded within one year after the expiration of the time for redemption.

TAXATION—PROCEEDINGS—GENERAL RELIEF—JURISDICTION. A tax foreclosure is a special proceeding for a special purpose, and if it fails, the court cannot retain jurisdiction to grant general relief or establish an equitable lien for taxes paid.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered February 13, 1909, in favor of the defendant, dismissing an action to foreclose a tax certificate, after a trial before the court without a jury. Affirmed.

*J. W. A. Nichols*, for appellant.

*Boyle, Warburton & Brockway*, for respondent.

RUDKIN, C. J.—On the 11th day of November, 1896, the county treasurer of Pierce county issued to one O. W. Wahlgren a certificate of tax sale in the following words:

"I, Jno. B. Hedges, treasurer for and within said county, do hereby certify that pursuant to an order of sale to me directed and delivered, issued out of the superior court of the state of Washington, holding terms at Tacoma, in and for said county, on the 11th day of May A. D. 1896, upon a real estate tax judgment rendered in said court on the 11th day of May, A. D. 1896, in favor of the state of Washington, and against the hereinafter described piece, parcel or tract of land, for the sum of forty-seven 29-100 dollars, being the amount adjudged due and owing for taxes for the year 1892, with interest, penalty, and costs added thereto since becoming delinquent, and said amount being a subsisting lien thereon as against the estate, right, title, interest, claim or demand in law or equity of every person, company, corporation or claimant whomsoever, I did on the 8th day

of Sept., 1896, offer for sale at public auction, the bidder offering to pay the amount due on each tract or lot for the least quantity thereof, at the front door of the court house in said county, having given due notice of such time and place of sale, according to law. That at such sale there being no bidder therefor the following described pieces, parcels or tracts of land were forfeited to said Pierce county, to wit:

[Here follows description of property.]

"And that one O. W. Wahlgren thereafter purchased the same from said county and paid me therefor the sum of Fifty 12-100 Dollars on the eleventh day of Nov., 1896, the same being in full for the amount of said judgment, costs and interest accruing to the said date of payment wherefore I do hereby certify that the said O. W. Wahlgren purchaser, his heirs, executors, administrators or assigns, will be entitled to a deed of conveyance of all the above described property after the expiration of three years from date of sale, unless the same be redeemed within said time, as provided by law. Provided that unless the holder of this certificate shall take out a deed for the above described real estate, as entitled by law, and file the same for record within one year from and after the time he is entitled to such deed, to wit: after the expiration of three years from date of sale, then this certificate and any deed given hereon, and the sale on which the same are based, shall, from and after the expiration of such one year, be absolutely null, unless the holder of this certificate be prevented from obtaining such deed by resale of above described real estate, injunction or order of any court, or by the refusal of the treasurer to execute the same, in either of which cases the time he is so prevented shall be excluded from the computation of such time."

The certificate was issued pursuant to §§ 115 and 134 of the revenue law of 1893, Laws of 1893, p. 323. The former section provides that,

"Every tract or lot so offered at public sale, and not sold for want of bidders, shall be forfeited to the county in which such property is situated, and in which such sale is made . . ."

The latter section provides that,

"If any person shall desire to redeem, or purchase, any tract of land or lot forfeited to the county, he shall apply

to the county treasurer who shall receive from such person the amount due on said tract or lot, together with the penalty, interest and costs and all taxes heretofore forfeited, and shall give such person a duplicate receipt therefor, setting forth a description of the property and the amount received, which receipt shall be evidence of the redemption or sale of the property therein described, as the case may be. In case of sales the county treasurer shall make the receipt in the form of a certificate of purchase, in the same manner as though said property had been bid off at the regular sale for delinquent taxes. Property purchased under this section shall be subject to redemption notice, etc., as if sold at regular tax sale."

The plaintiff became the owner of the above certificate under successive assignments, and instituted this proceeding to foreclose the same by notice under § 96 of the revenue act of 1897, p. 136, and the acts amendatory thereof, denominating the certificate of tax sale a certificate of delinquency.

At the trial the court sustained an objection to the admission of the certificate in evidence, also to an offer to prove the subsequent payment of taxes on the property described in the certificate, and dismissed the action. From the judgment of dismissal, this appeal is prosecuted.

The contention of the appellant is that her certificate of tax sale was converted into a certificate of delinquency by § 116 of the revenue law of 1897, p. 136, and the acts amendatory thereof, and that she has a right to foreclose the same under existing laws. This contention cannot be sustained. At the time of the passage of the act of 1897, the predecessor in interest of the appellant was a purchaser at tax sale, and the legislature could not impair the obligation of his contract by converting his certificate of sale into a mere certificate of delinquency. Cooley, Constitutional Limitations (7th ed.), p. 413; *Hull v. State*, 29 Fla. 79, 11 South. 97, 30 Am. St. 95, 16 L. R. A. 308.

Perhaps the owner of the certificate is the only person who could raise the constitutional question, but the fact that the legislature could not lawfully accomplish such a

result, if it would, is a cogent reason for holding that it did not so intend, and a mere reference to the statute upon which the appellant relies convinces one that it did not. Laws of 1897, §116, *supra*, is by its terms limited to *lands forfeited to the county for delinquent taxes due and remaining unpaid at the date of the passage of the act*, and while the land in controversy was originally forfeited to the county, the forfeiture was converted into a tax sale by the issuance of the certificate under which the appellant claims, and the taxes were paid to the county long prior to the passage of the act of 1897. The remedy of the appellant or her predecessor in interest was to obtain a tax deed under the provisions of the revenue act of 1893, but their failure so to do and to have the deed recorded within one year after they became entitled thereto, renders the certificate and sale absolutely null and void under §133 of that act.

The appellant further contends that the court should have retained jurisdiction for the purpose of enforcing the equitable lien arising in her favor from the subsequent payment of taxes. There was no error in this ruling. A tax foreclosure is a special proceeding instituted under a special statute for a special purpose, and when the purpose fails the proceeding itself fails, and the court cannot retain jurisdiction for the purpose of granting general relief. A motion to dismiss the appeal, interposed by the respondent on the ground that the appeal was not taken within thirty days from the rendition of the final judgment, should probably be granted on the authority of *Brown v. Davis*, 36 Wash. 135, 78 Pac. 779, and *Harris v. Levy*, 39 Wash. 158, 81 Pac. 550, but an affirmance on the merits accomplishes the same result. Judgment affirmed.

PARKER, DUNBAR, CROW and MOUNT, JJ., concur.