[No. 6803. Department Two. July 15, 1912.]

ROBERT KATH, *Appellant*, v. S. L. BROWN *et al.*,
*Respondents.*[1]

JUDGMENT—CONCLUSIVENESS—VACATION—ACTION—LACHES. A de-
fendant is estopped by laches and by a restraining order, unappealed
from, from attacking a judgment on the ground of fraud, where, on
his appeal from an order refusing to vacate the judgment on his pe-
tition, the appeal was dismissed because he had failed to obtain per-
mission of the supreme court to attack the judgment, and for three
years thereafter neglected to obtain such permission, and was mean-
while restrained from bringing any action affecting plaintiff's title
to the land which was the subject of the former suit.

Application filed in the supreme court June 10, 1912, for
leave to file a petition to vacate a judgment. Denied.

*Paul Shaffrath*, for petitioner.

*A. G. McBride*, for respondent Histogenetic Medicine
Company.

MOUNT, J.—This is an application to this court for per-
mission to file a petition in the lower court to vacate a judg-
ment heretofore affirmed by this court. It is alleged in the
application that the judgment in the lower court was ob-
tained by fraud. It appears that an appeal was prosecuted
to this court by the plaintiff in that action. That appeal
was abandoned and dismissed in July, 1907. Thereafter a
petition was filed in the case in the lower court to set aside
the judgment upon the ground of fraud and conspiracy.
The questions then presented were heard and the trial court
refused to set the judgment aside. An appeal was prose-
cuted from that order to this court. That appeal was dis-
missed on June 11, 1909, and the judgment affirmed for the
reason that the trial court had no jurisdiction to hear the

[1]Reported in 124 Pac. 900.

questions presented without permission of this court. *Kath v. Brown*, 53 Wash. 480, 102 Pac. 424, 132 Am. St. 1084.

Thereafter an action was brought by the defendant in that action against the plaintiff, to restrain the plaintiff from bringing actions affecting the title of the real estate in question. That action came on regularly for trial and resulted in the decree restraining the plaintiff, who is the petitioner here, from "bringing or instituting against the plaintiff herein or against the plaintiff's successors or assigns any suit or action in this court affecting the title to the following described real property." Then follows a description of the property in question. That decree was entered on October 22, 1910, and is in full force and effect. It was not appealed from.

It therefore appears in this case that the applicant has once unsuccessfully tried the same questions in the lower court which he now seeks permission to again try. It is true, he claims to have some newly discovered evidence, but the questions are the same. It also appears that he has neglected for three years to avail himself of the remedy pointed out in *Kath v. Brown*, *supra*, and that in the meantime a restraining order has been issued against him, which order has become final and binding. In short if we should grant the application now made, we would in effect set aside the restraining order without a hearing thereon. We are of the opinion, therefore, that, even if the plaintiff's showing, if made in time, would have been sufficient, he is now barred by laches and by the restraining order above mentioned which has become final. The application is therefore denied.

FULLERTON and ELLIS, JJ., concur.

MORRIS, J., having heard the case below, took no part.