[No. 23067.  *En Banc.*  May 20, 1931.]

THE STATE OF WASHINGTON, *on the Relation of L. E. McBee, Plaintiff*, v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY, *Respondent.*[1]

*Herbert C. Bryson,* for relator.

*Sharpstein & Smith* and *W. G. Coleman,* for respondent.

MITCHELL, J.—Some years ago, a judgment was entered in the superior court for Walla Walla county determining the relative rights of parties interested to the use of the waters of Doan creek, in that county.  L. E. McBee, a party to the action, appealed from the judgment.  In reversing the judgment, the cause was remanded, with certain directions to the superior court as to the judgment to be entered.  *In re Waters of Doan Creek,* 125 Wash. 14, 215 Pac. 343.  Upon that opinion, dated May 14, 1923, and the remittitur there-

[1]Reported in 299 Pac. 383.

on, the superior court entered a judgment on December 1, 1923.

More than seven years later, February 24, 1931, L. E. McBee, on behalf of himself and as guardian of minor children, as interested parties, applied to this court for a writ of mandamus directing the superior court to modify its judgment of December 1, 1923, in certain particulars relating to their water rights, claiming now that petitioner has but recently learned that the judgment sought to be modified does not, in substantial respects, comply with the terms of the opinion of this court in the cause. An alternative writ was issued, to which a return has been filed. Counsel on both sides have been heard upon the matters presented by the petition and return.

The judgment complained of is in form a judgment of the superior court, signed and entered by that court. Petitioner contends, however, that, because this court directed judgment to be entered, it is, in legal effect, the judgment of this court, and that, because the judgment is materially different from what this court directed, therefore it is, to that extent,

" . . . absolutely void, and the superior court was wholly without jurisdiction and authority to enter any judgment other than the one directed by this court;"

and that this court still has the power, and it is its duty, to now direct and compel, by mandamus, a proper judgment to be entered by the superior court, notwithstanding the fact that seven years have elapsed since the entry of the judgment now complained of.

We are referred to *Boston National Bank v. Hammond*, 21 Wash. 158, 57 Pac. 365, wherein the respondent therein insisted that the right to petition to set aside an order of the superior court was not barred by the statute, because the order was null and void for

want of jurisdiction in the superior court to make it, with reference to which this court said that, if the premise contained in the proposition was true, the conclusion was undoubtedly correct, "for, as a general rule, a judgment which is absolutely void may be attacked at any time."

So that here, as the court remarked in that case, the question then is, Did the superior court have jurisdiction to make the judgment complained of? There can be no doubt, in our opinion, that it did have jurisdiction. The superior court is a court of general jurisdiction under the law, it had both the parties and subject matter of the litigation before it, and is the court that petitioner is now asking this court to direct with reference to the entry of a modified judgment. To say that the judgment is void, under such circumstances, is to confess a misunderstanding of that term. Want of jurisdiction must not be confused with error in the exercise of jurisdiction. As is well stated in 33 C. J., p. 1078, § 39:

"Where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes."

Counsel for the petitioner cites a number of cases that discuss the legal effect of a void judgment. That is, that it is no judgment, such as *State ex rel. Reed v. Gormley*, 40 Wash. 601, 82 Pac. 929, 5 Ann. Cas. 856, 3 L. R. A. (N. S.) 256, and other of our cases therein referred to. But those cases are not in point, because, as already stated, the judgment complained of here was not void, only erroneous, if wrong at all.

For the further consideration of this case, we may assume, without deciding, that there was some

erroneous provision in the judgment now sought to be modified, and, further, that there was no right of appeal, because this court directed the judgment, and that the only remedy, if any, is by a mandamus or other appropriate writ, as counsel in all such respects earnestly contends, and in support of which many of our cases and other authorities are cited. That, however, will not meet the vital question in this case as to whether the proceedings now undertaken have been brought within the time limited by statute. The record here shows that, when the court fixed the terms of the judgment now complained of and entered it, petitioner's then attorney of record in the case (who has since died) was personally present, and thereafter had execution issued, upon which costs in favor of this petitioner were collected and receipted for. His attorney knew all about the provisions of the judgment. His attorney's knowledge was his knowledge. That happened more than seven years before the present proceedings were brought.

In the case of *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338, this court said:

"So we have held that a judgment of the superior court, appealed to this court and determined upon its merits, becomes in effect a judgment of this court, and that the trial court is without power after its remand to vacate or otherwise modify it on motion or petition except in such manner as may be necessary to carry out the mandate of this court. *Kath v. Brown,* 53 Wash. 480, 102 Pac. 424, 132 Am. St. 1084; *Richardson v. Sears,* 87 Wash. 207, 151 Pac. 504; *Pacific Drug Co. v. Hamilton,* 76 Wash. 524, 136 Pac. 1144; *State ex rel. Jefferson County v. Hatch,* 36 Wash. 164, 78 Pac. 796; *State ex rel. Wolferman v. Superior Court,* 8 Wash. 591, 36 Pac. 443."

The rule thus stated is the one that counsel for the petitioner in this case urgently calls to our attention as

controlling. But, immediately in that case, the court called attention to a qualification of the rule as follows:

"The latter rule is subject to the modification, however, that this court will, upon a proper showing *made within the year,* grant leave to apply to the lower court for the vacation of a judgment affirmed by this court, for all or any of the causes set forth in § 303 of the code or for any or all of the causes set forth in the chapter of the code included within §§ 464-473. *Post v. Spokane,* 28 Wash. 701, 69 Pac. 371, 1104; *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740; *Post v. Spokane,* 35 Wash. 114, 76 Pac. 510; *Kath v. Brown,* 69 Wash. 306, 124 Pac. 900; *Kawabe v. Continental Life Ins. Co.,* 97 Wash. 257, 166 Pac. 617."

The showing must, under the statutes, be made within a year, and that, we think, is the trouble into which the petitioner has fallen in this case. There is no just difference in the application of this rule as between an application for the vacation of a judgment, discussed in that case, and the modification of a judgment asked for in this case; both come under the terms of the statutes.

The same doctrine was announced in *State ex rel. Northern Pacific R. Co. v. Superior Court,* 101 Wash. 144, 172 Pac. 336, with reference to a judgment of the superior court from which no appeal had been taken, to the effect that an application to that court to correct a judgment, so as to make it conform to the judgment intended and ordered, must be made within the statutory period of one year, and, in speaking of the purpose of the rule, it was said:

"This holding is sustained not only by reference to the statute but by reasons of public policy. It tends to give finality to judgments and to bring litigation to an end."

The rule and the reason for it are, in our opinion, just as applicable to the judgment here sought to be

modified as though the judgment had been entered without any appeal to this court.

The alternative writ heretofore issued in this case is set aside. The permanent writ applied for is denied and the cause dismissed.

All concur.