## McWillie, *et al.*, v. Martin, *admr.*, *et al.*

WHAT CONSTITUTES EQUITY IN A BILL—There is equity in a bill brought by the heirs of McW., to vacate a judgment obtained against R., administrator of McW., by M., administrator of L. M., where the bill sets up that a good defense exists to a whole or a part of the claim for which the judgment was rendered, and that R., administrator, was so negligent in the management of the defense as to warrant the inference of collusion.

*Appeal from Jefferson Circuit Court.*

Hon. H. B. MORSE, Circuit Judge.

WATKINS & ROSE, for appellants.

REED FLETCHER, for appellee.

BOWEN, J.

This is a bill in equity, by the widow and heirs of Aaron

McWillie, deceased, to vacate a judgment, on the law side of the Jefferson circuit court, on the ground of its having been fraudulently obtained by Mahala Ann Martin, as administratrix of Lawrence Martin, deceased, against Seaborn J. Robinson, as administrator of the estate of said Adam McWillie, deceased.

At the November term, 1868, of the Jefferson circuit court, the defendants filed their general demurrer, which the court sustained, and dismissed the bill for want of equity.

The cause comes here on appeal.

The bill herein sets out that Adam McWillie, in his lifetime, resided in the State of Mississippi, but owned and operated a plantation in Jefferson county, Arkansas; that, for several years prior to the year 1861, Lawrence Martin was his overseer and agent upon such plantation; that McWillie, becoming dissatisfied with his management, sent, in January, 1861, said Seaborn J. Robinson from Mississippi to settle with Martin, and take charge of said plantation, &c., sending with him a statement of his business with Martin, showing a balance in Martin's favor of $2,010\frac{10}{100}$; that, some time after this, Martin took a negro woman at $1,300, which the bill avers should have been deducted from the said balance of $2,010\frac{10}{100}$. Other averments are made, with a view of showing that nothing was due from McWillie to Martin, and from a letter exhibited with the bill, from Martin to McWillie, subsequently written, the former acknowledges that himself and McWillie are, as he expresses it, "about even."

Subsequently, both Martin and McWillie died. Mahala Ann Martin was appointed administratrix of Lawrence Martin, deceased, and Seaborn J. Robinson was appointed administrator of McWillie, deceased.

The said Mahala Ann, as administratrix, brought suit, in the Jefferson circuit court, against Robinson, as such administrator, for the $2,010\frac{10}{100}$ aforesaid, and recovered judgment therefor, with interest, the whole amounting to $2,727\frac{50}{100}$.

The bill also shows that the only evidence used in the trial

of said cause was the statement of McWillie, aforesaid, and that said Robinson attempted to make no defense, further than to file certain pleas, notwithstanding he was the person who brought McWillie's statement to this State, and who, as the agent of McWillie, settled with Martin, who was his brother-in-law; that Robinson took no bill of exceptions, or other steps towards making the evidence a matter of record, and that in consequence of his not so doing, and not making defense, complainants had no remedy by a resort to this court, and that complainants abandoned an attempt to do so, for the reasons just given.

The bill makes other averments and charges, with full details, &c., unnecessary here to recite, since it so fully appears that there is equity in the bill, which, it will be remembered, is filed by the beneficiaries of the estate of McWillie, who were not parties to the action at law, wherein the parties plaintiff and defendant are charged with fraud and collusion, and are both made defendants in the court of equity.

The circuit court erred in sustaining the demurrer to complainants' bill. Its decree is reversed, and the cause remanded for further proceedings, not inconsistent herewith.