THE FIRST NATIONAL BANK OF TAMA CITY v. MURDOUGH.

**New Trial:** NEWLY DISCOVERED EVIDENCE: PRACTICE. Under Sec. 3155 of the Code, (Sec. 3116 of the Revision,) an application for a new trial on the ground of newly discovered evidence should be made by petition, as in ordinary proceedings.

*Appeal from Tama Circuit Court.*

SATURDAY, OCTOBER 24.

AT the December term, 1873, of the Circuit Court of Tama county, a cause was tried between the above named parties, and judgment was rendered for the defendant. At the April term, 1874, of said court, the plaintiff filed a petition for a new trial, upon the ground that he had discovered material

evidence since the last trial which could not, with reasonable diligence, have been discovered before. The defendant filed a motion to strike plaintiff's petition from the files, upon the ground, amongst others, " that said petition is not the proper proceeding in this cause, as the statute contemplates a proceeding by motion, which may be sustained and controverted by affidavits." The court sustained this motion. Plaintiff appeals.

*Brown & Sears* and *Harmon, Mills & Gurnsey*, for appellant.

*Henderson & Merriman* and *Ebersole & Willitts*, for appellee.

DAY, J.—It is conceded that, under the Revision, section 3116, a petition for a new trial for the cause herein assigned would have been proper. It is claimed, however, that the Code provides a new rule. Chapter 9, title 17, of the Code, contains provisions respecting new trials. Section 2837 provides eight grounds or causes for a new trial, amongst which are the following:

" 2. Misconduct of the jury, or prevailing party."

" 3. Accident or suprise, which ordinary prudence could not have guarded against."

" 7. Newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

Section 2838 is as follows: " The application must be made at the term and within three days after the verdict, report or decision is rendered, except for the cause of newly discovered evidence, must be by motion upon written grounds, and if for the causes enumerated in sub-divisions two, three, and seven of the preceding section, may be sustained and controverted by affidavits." This section, it will be seen, limits the time of making the application to three days for all causes except newly discovered evidence, and as to that it provides no limit whatever, nor is any limit provided elsewhere in the chapter.

Chapter 1, title 19, of the Code, provides for proceedings to reverse, vacate, or modify judgments in the courts in which rendered. Section 3154 specifies eight grounds upon which the court by which a judgment has been rendered may, at the term at which it was rendered, vacate or modify the same. The first of these is the following: "By granting a new trial for the cause within the time and in the manner prescribed by the sections on new trials." This, it will be seen, embraces all the eight causes contained in section 2837.

Section 3155 is identical with section 3116 of the Revision, and is as follows: "Where the grounds for a new trial could not, with reasonable diligence, have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, the application may be made by petition filed as in other cases, not later than the second term after the discovery, on which notice shall be served and returned, and the defendant held to appear as in an original action. The facts stated in the petition shall be considered as denied without answer. The case shall be tried as other cases by ordinary proceedings, but no petition shall be filed more than one year after the final judgment was rendered."

This section is general. It applies to *the* grounds for a new trial, *all* the grounds for a new trial embraced in this chapter and in this immediate connection. And as the first sub-division of section 3154 embraces the eight grounds enumerated in section 2837, this section embraces them also. This section prescribes the course to be pursued when the grounds for a new trial are discovered after the term at which the judgment was rendered. Newly discovered evidence is the only one of the eight causes for new trial prescribed in section 2837, which can be made the basis of an application after the term at which the judgment was rendered. To this ground then section 3155 applies, and limits the filing of the petition to one year after the final judgment was rendered. If this section does not apply to that ground for a new trial, then there is no limitation upon the time within which a new trial may be demanded because of newly discovered evidence. The true

construction is this: if the application for a new trial because of newly discovered evidence is made at the term and within three days, it must be made upon motion, supported by affidavits; if made after the term, it must be made within one year, and by petition as in other cases.

The other grounds assigned for striking the petition from the files affect the question of its legal sufficiency, and constitute no ground for striking it from the files. If the petition is insufficient, it should be assailed by demurrer or motion, upon the sustaining of which the plaintiff may amend.

The motion was improperly sustained.

REVERSED.