[No. 4578.   Decided February 14, 1903.]

THE STATE OF WASHINGTON on the Relation of Hiram L. Post, v. SUPERIOR COURT OF SPOKANE COUNTY, Henry L. Kennan, Judge.

PROHIBITION, WRIT OF — TO SUPERIOR COURT — VACATION OF JUDGMENT AFFIRMED ON APPEAL — HEARING IN LOWER COURT.

The writ of prohibition will not issue to restrain a judge of the superior court from trying a petition for the vacation of a judgment which had been affirmed on appeal, but which the supreme court, upon showing made, had permitted to be attacked in the lower court, when the judge of such court makes a showing that he will try such petition according to the law and the evidence, unbound and unrestricted by the action of the supreme court in passing upon the sufficiency of the showing made.

SAME — REMEDY BY APPEAL.

The fact that a petition for the vacation of a judgment was docketed by the clerk as a separate proceeding, and that there

is no appeal from an order vacating a judgment, would not afford grounds for the issuance of a writ of prohibition to restrain the superior court from hearing same, since the proceeding must in effect be regarded as within the action in which the judgment sought to be attacked was rendered, and an appeal from such judgment would bring up for review the orders of the court in regard to its vacation.

*Original Application for Prohibition.*

*Norman Buck, A. M. Craven, Sullivan, Nuzum & Nuzum* and *Barnes & Latimer*, for relator.

*John P. Judson*, for respondent.

The opinion of the court was delivered by

HADLEY, J.—This is an original application in this court for a writ of prohibition, directed to the superior court of Spokane county and to the Hon. Henry L. Kennan, one of the judges thereof. The relator obtained a judgment against the city of Spokane, from which judgment the city appealed to this court. Pending the appeal here, the city, as appellant, moved to dismiss the appeal. The written motion to dismiss the appeal also contained the statement that the motion was made to enable the appellant to present a petition to the superior court to set aside and vacate the judgment appealed from, based upon the discovery of documentary evidence after the appeal was taken, which it was alleged establishes the fact that the respondent in that action, the relator here, was many years ago paid by the said appellant for the same service for which the judgment was rendered. The motion to dismiss the appeal was granted. Thereafter the relator here, as respondent in that action, moved for an affirmance of the judgment as his right, following the dismissal of the appeal. The latter motion was also granted, the reasons therefor being stated in the opinion in *Post v. Spokane*, 28 Wash. 701 (69 Pac. 371). In that opinion

we stated that, notwithstanding the affirmance of the judg-
ment, we did not then hold that the appellant city would
have no remedy based upon the alleged facts stated in its
motion to dismiss the appeal; and further stated that upon
satisfactory showing having been made in this court,
leave had theretofore been granted in some instances to
attack judgments which had been affirmed here. Some
time thereafter the said appellant city filed in this court
its petition asking leave to attack said judgment in the
superior court of Spokane county, where it was rendered.
That petition was accompanied with what purported to
be certain record and documentary evidence, together with
certain affidavits, all of which tended to support the allega-
tions of the petition. Upon that petition this court entered
a formal order granting leave to file a petition in the court
below. See *Post v. Spokane,* 28 Wash. 704 (69 Pac.
1104). In pursuance of the permission thereby granted,
the record in this case shows that said petitioner thereafter
filed its petition in the superior court of Spokane county.
The petition there filed appears to be in all respects the
same as the one filed here, including the attached affi-
davits and documentary matter. It was also docketed
by the clerk as a separate and independent action. The
relator then moved to strike portions of the petition,
including the attached affidavits and documentary mat-
ter. The motion was denied, and the order denying the
motion recites that the motion was in all particulars
denied, for the reason that this court had already passed
upon the sufficiency of the petition and had ordered that
court to hear the same. The relator then demurred to the
petition, and the demurrer was overruled. Thereupon
the relator applied to this court for a writ of prohibition,
and, among other things, he alleges that the superior court
has determined that this court has already passed upon

the sufficiency of the petition, and that the superior court has no jurisdiction to determine the sufficiency of the contents thereof. It is further alleged that upon the demurrer to the petition it was urged that the court had no jurisdiction under the general law of the state, and no authority under the order of this court hereinbefore mentioned, to entertain an entirely new and independent action to vacate said judgment. It is also alleged that, unless the court is prohibited, the said Hon. Henry L. Kennan, the judge before whom said cause will be tried, will try the same under a misconception of the meaning of the order of this court, and will determine the facts to a great extent from the affidavits attached to the petition, and which he refused to strike therefrom, under the theory that he is obliged to consider said matter in whole or in part upon the said affidavits. It is alleged that the relator has no appeal from any order that may be made by said judge in the premises. The respondent in his answer denies that he will proceed to try said cause under a wrong conception of the order of this court, and alleges that it is not true that the said superior court will try said cause upon the theory that the court will be precluded by any order made by this court from entertaining objections to the sufficiency of the petition filed by the city of Spokane; that it is not true that he believes that he is in any way restricted from passing upon the sufficiency of the petition or any pleading in the cause by reason of any order of this court; that he does not believe that he is bound to decide said cause upon the said affidavits attached to the petition; and that he believes said affidavits would be incompetent to establish any fact therein set forth upon the final hearing; and that he feels free to try said cause according to the law of this state

as he understands it, as if this court had made no order
in the premises.

It is urged by the relator that the recitals of the order
denying the motion to strike from the petition heretofore
referred to show that the respondent entertained a dif-
ferent view at the time of entering said order from that
now expressed in his answer.   Be that as it may, his
answer discloses that it is not now his intention to proceed
upon the theory that he is restricted by any order of this
court, but that he expects now to proceed upon the theory
that he has as full general powers to determine both the
sufficiency of the pleadings and the facts as he would have
in any other cause.   If any errors have already been com-
mitted in the settlement of the pleadings based upon a
wrong theory of the powers of the court in the premises,
those may be corrected upon appeal if they shall not here-
after be corrected by the trial court itself.

If any doubt has existed in the mind of the respondent
and of the parties as to the scope and force of the order
of this court heretofore mentioned, we deem it proper now
to say that this court intended only to grant leave to file
a petition in the lower court to vacate a judgment which
had been affirmed here.   A certain petition was before us,
and attached to it were certain affidavits and documentary
matter.   We treated the affidavits merely as an evidence of
good faith on the part of the petitioner, since they *prima
facie* tended to support the allegations of the petition, and
showed such a state of facts as we believed should be
investigated in a proper manner under competent testi-
mony, subject to all the usual rules which test the suffi-
ciency of evidence.   It was our understanding that the
petitioner then before us desired to file a petition below
containing substantially the same allegations as the one
before us.   But we did not expect that what was sub-

mitted to us in the nature of evidentiary matter would necessarily be treated as a part of that petition. When we said, "The prayer of the petition is therefore granted, and leave is hereby given appellant to file its said petition in the superior court, and for that court to proceed and hear the same," we did not mean that all the matter then before us was necessarily to be filed in the superior court as a petition. The order recites that " . . . the appellant, by petition now filed here, asks leave to file its petition in the superior court to vacate the judgment, . . . ." When we granted said appellant leave to file "its said petition," we, of course, simply referred to such a one as it had asked leave to file, viz., "to vacate the judgment." It must be understood that such petitions shall be constructed according to the rules pertaining to such pleadings, and can only be supported by competent proof, the sufficiency of both the pleadings and the proof to be determined by the trial court, subject, of course, to correction of errors on appeal.

The relator urges that the respondent is about to hear this matter as a separate and independent action, and that if it shall be adjudged that the judgment in the former action shall be vacated, relator will be without remedy by appeal, since this court has held that an appeal does not lie from an order vacating a judgment. In other words, it is relator's theory that the proceedings for the vacation of the judgment cannot be reviewed on appeal from the final judgment in the former action, since they are not had within that action. Under no rule can relator be deprived of his right to a review of the proceedings for the vacation of the judgment. The reason for the holding of this court that an appeal does not lie from an order vacating a judgment is that such order may be reviewed on appeal from the final judgment, and thus avoid the

probable necessity of more than one appeal in the same action. The rule is based upon the theory that all the proceedings are in the same action. It appears that the clerk has separately docketed the petition as though it were a complaint in an independent action, but it is filed in the same court where the judgment was rendered, and the court understands that it assails one of its judgments in a certain action. If a formal consolidation of the later proceedings with the former cause and a transfer of the files from the one to the other are not actually ordered by the court, the proceeding must nevertheless be in effect regarded as being within the former action. The procedure by petition is authorized by §§ 5153 and 5156, Bal. Code. The petition was filed within one year from the date of entry of the judgment, and this court has held that procedure by the statutory method is exclusive when the facts upon which it is based are discovered in time to take advantage of the statutory remedy. Otherwise resort may be had to a suit in equity. *Chezum v. Claypool,* 22 Wash. 498 (61 Pac. 157, 79 Am. St. Rep. 955); *Peyton v. Peyton,* 28 Wash. 278 (68 Pac. 757).

The fact that § 5157, Bal. Code, requires notice for the same time as required in original actions, does not establish the proceeding as an original cause, but merely directs how notice shall be given and otherwise indicates how it shall be tried. Thus, this petition must be treated as within the original cause, and no right of appeal on the part of the relator is abridged or denied.

Respondent's answer shows clearly that he intends to proceed regularly with the hearing of the matter, and there does not appear to be any cause for interference by this court at this time.

The writ is denied.

FULLERTON, C. J., and DUNBAR, MOUNT and ANDERS, JJ., concur.