[No. 12683.  Department Two.  October 11, 1915.]

Denny-Renton Clay & Coal Company, *Appellant*, v.

Ignacio Sartori *et al.*, *Respondents*.[1]

Judgment—Vacation—Equitable Relief—Grounds—Newly Dis-
covered Evidence—Statutes. Rem. & Bal. Code, § 303, authorizing
relief from judgments suffered "through mistake, inadvertence, sur-
prise or excusable neglect" has no application to new trials for newly
discovered evidence, in view of other statutes expressly covering that
subject.

Same. A judgment may be vacated for newly discovered evidence,
under Rem. & Bal. Code, § 464, subd. 1, authorizing the vacation of
a judgment by granting a new trial for "any of the causes pre-
scribed by the sections relating to new trials;" thus making direct
reference to Id., § 399, subd. 4, which authorizes a new trial for
newly discovered evidence.

Same—Vacation—Time for Motion—Statutes. Rem. & Bal.
Code, § 465, providing that, when the grounds for a new trial could
not have been discovered with reasonable diligence until after ver-
dict or decision, the application may be made by petition as in other
cases, but no motion shall be filed more than one year after judg-
ment, extends the time for moving to vacate a judgment for newly

[1]Reported in 151 Pac. 1088.

18—87 wash.

discovered evidence, prescribed in § 464, to one year in all cases where the new evidence could not have been discovered until after judgment.

SAME—SETTING ASIDE—EQUITABLE RELIEF—ADEQUATE REMEDY AT LAW. There being an adequate remedy for the vacation of a judgment for newly discovered evidence within one year from the entry of the judgment, under Rem. & Bal. Code, § 464, an independent suit in equity will not lie.

SAME—EQUITABLE RELIEF — LIMITATIONS — FRAUD. Rem. & Bal. Code, §§ 464 and 465, limiting the time for vacating judgments upon the ground of newly discovered evidence, where the same could not be discovered until too late for the ordinary motion, are statutes of repose; and after expiration of the year limited, a suit in equity for a new trial on that ground cannot be maintained unless the failure to discover the new evidence within the year was occasioned by the concealment or fraud of the adverse party.

SAME—EQUITABLE RELIEF—LIMITATIONS—STATUTES. Since, in construing remedial statutes, courts will look to the prior law and the mischief to be met in order to determine the scope of the remedy, in abolishing the distinction between actions at law and suits in equity and adopting the one-year limit within which courts may vacate judgments for newly discovered evidence, in lieu of the rule in equity which was without limitations, it must be held that it was the intention to state the limit within which a judgment rendered with jurisdiction could be directly or collaterally attacked.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 5, 1914, upon sustaining a demurrer to the complaint, dismissing an action to vacate a judgment, tried to the court. Affirmed.

*Ballinger, Battle, Hulbert & Shorts,* for appellant.

*Peters & Powell,* for respondents.

ELLIS, J.—This is a suit in equity to set aside, because of newly discovered evidence, the judgment in the case of Ignacio Sartori v. Denny-Renton Clay & Coal Company, which was entered in the superior court of King county on February 6, 1913, and on appeal affirmed by this court on September 31, 1913, and to retry the issues there determined. Our opinion affirming that judgment, and to which we now refer for a full statement of the issues and evidence on which

that judgment rests, is reported in *Sartori v. Denny-Renton Clay & Coal Co.*, 77 Wash. 166, 137 Pac. 494. We shall not restate the facts, further than to say that it there appeared that the purpose of that action was to establish the true boundary line between the lands of the parties and to recover damages occasioned to Sartori's land from the obstruction of Cedar river by the coal company. The evidence consisted of testimony and documents concerning several different surveys, and tending to establish the location of the thread of the stream as it existed at various times between the original government meander in 1865 and January 1, 1908, the thread of the stream at which later time the trial court and this court held to be the true boundary line between the lands of the parties. The trial court adopted the line as established by the survey made in September, 1906, known as the Hesse survey, and awarded Sartori damages in the sum of $1,200.

On January 26, 1914, and within thirty days after the affirmance of that judgment, the Denny-Renton Clay & Coal Company, defendant in that action, plaintiff in this, filed in this court its petition for rehearing upon the ground, among others, of newly discovered evidence claimed to have been found subsequent to the rendition of the decision in the lower court and its affirmance by this court. This new evidence consisted of a map or tracing of a survey of Cedar river as it was claimed it existed in 1902 and for some years thereafter, which map was identified by the affidavit of one Hill as having been made by one Ira Meehegan, a civil engineer now deceased. In the petition for rehearing, it was urged that this map or tracing demonstrated the fallacy of the Hesse survey as establishing the true line. Conceiving the other grounds insufficient to warrant a rehearing and not being a court of first instance, this court, of course, could not consider the alleged new evidence, which had never been passed upon by the trial court. The petition for rehearing was denied without the filing of a written opinion.

On March 27, 1914, the Denny-Renton Clay & Coal Company filed another petition in this court setting out substantially the same things contained in its petition for rehearing, and praying for an order of this court granting leave to file its petition in the superior court of King county to vacate the judgment rendered by that court and affirmed by this court, on the ground of such newly discovered evidence, and to the end that a new trial of the action might be had. Inasmuch as more than one year had elapsed since the entry of the judgment in the trial court, this court conceiving that, under the statutes governing the vacation of judgments and the granting of new trials on motion or petition because of newly discovered evidence, the trial court would have no power to entertain such a petition, denied the petition, this also without filing a written opinion.

On May 29, 1914, the Denny-Renton Clay & Coal Company commenced this action in equity against the plaintiffs in the original action, for the purpose of setting aside the judgment and retrying the same issues presented in the original action. The complaint is too lengthy to quote. It must suffice to say that it sets up no fraud of any kind as preventing the company from having a fair trial of the original action, the gravamen of the complaint being the desire to introduce in evidence the Meehegan map or tracing above referred to, and the field notes of still another survey, which it is claimed was made by Meehegan as late as 1907 and which it is alleged was not discovered till after the expiration of one year from the entry of the original judgment in the superior court and after the filing of the petition for rehearing in this court. The complaint also prayed for an injunction restraining any enforcement of the judgment in the original action pending the litigation of the new action. The defendants demurred to this complaint on the grounds (1) of lack of jurisdiction in the court of the subject-matter, (2) insufficiency of the facts pleaded to state a cause of action, (3) that the action was not commenced within the time

limited by law.  The demurrer was sustained and the injunction denied.

Thereafter, having first obtained leave of court, the plaintiff filed a supplemental complaint in which it is alleged that the defendants, since the sustaining of the demurrer and the denial of the injunction, had collected through garnishment proceedings the amount of the money judgment and costs awarded by the judgment in the original action.  By stipulation the demurrer to the complaint was treated as a demurrer to the complaint so supplemented.  So considered, the demurrer was again sustained.  The plaintiff electing to abide by its pleading, the bill was dismissed.  The plaintiff appeals.

Since the taking of this appeal the defendant Ignacio Sartori died, and an order of this court has been entered substituting R. Sartori and Horace L. Sartori, administrators of his estate, as respondents in his stead.

The record presents two questions:  (1) Under the facts disclosed, will a suit in equity lie to obtain a new trial upon the ground of newly discovered evidence after the expiration of one year from the rendition of the judgment assailed?  (2) Assuming that the action will lie, does the complaint state facts sufficient to invoke the power of a court of equity to vacate the judgment and grant a new trial?  As pertinently stated by counsel for respondents, we must bear in mind throughout that the ground upon which a new trial is sought is that of *newly discovered evidence*, else the discussion will wander.

I.  There are two statutes governing new trials on the ground of newly discovered evidence.  One is § 399 of Rem. & Bal. Code.  In subdivision 4 it provides that a new trial may be granted for:

"Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

By § 402 of Rem. & Bal. Code, the above statute must be invoked by motion made within two days after verdict or

notice of decision. . The other is embodied in §§ 464 and 465 of Rem. & Bal. Code, and was first passed by the Territorial Legislature, and appears as §§ 1 and 2 at pages 20 and 21 of the Laws of 1875. So far as here material, they are as follows:

"§ 464. The superior court in which a judgment has been rendered, or by which or the judge of which a final order has been made, shall have power, after the term (time) at which such judgment or order was made, to vacate or modify such judgment or order:

"(1) By granting a new trial for the cause, within the time and in the manner, and for any of the causes prescribed by the sections relating to new trials; . . ."

"§ 465. When the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term (time) when the verdict, report of referee, or decision was rendered or made, the application may be made by petition filed as in other cases, not later than after the discovery, on which notice shall be served and returned, and the defendant held to appear as in an original action. The facts stated in the petition (complaint) shall be considered as denied without answer. The case shall be tried as other cases by ordinary proceedings, but no motion shall be filed more than one year after the final judgment was rendered."

Sections 303 of Rem. & Bal. Code relating to amendments, so far as it authorizes relief against judgments suffered "through mistake, inadventure, surprise, or excusable neglect" has no reference to new trials for newly discovered evidence. To hold that it does would be to abrogate the statutes above quoted.

Appellant's position, if we have caught counsel's meaning, is this: That § 399 of the code is the only statutory method for obtaining a new trial on the ground of newly discovered evidence, and can only be invoked by motion made within two days after verdict or notice of decision; that newly discovered evidence is not a ground under § 464 of the code, and is not, either directly or inferentially, embraced within the eight

grounds therein enumerated; that therefore, when new evidence is discovered too late for the ordinary motion, an independent suit in equity is the only remedy available for the vacation of a judgment in order to secure a new trial on the ground of newly discovered evidence. As we read the statutes, this position is untenable. While § 464 does not *in haec verba* include "newly discovered evidence" as one of the grounds for the vacation of judgments and for a new trial, it does, by necessary inference, include that ground. In its first subdivision, which we have quoted, it empowers the court to vacate or modify a judgment by granting a new trial for any of the causes prescribed by the sections relating to new trials; thus by a direct reference necessarily including the fourth ground enumerated in § 399 as well as the other grounds therein specified. The only ambiguity presented by § 464 is as to the time within which the application must be made. The next section, § 465, however, removes this ambiguity by declaring that when the grounds for a new trial could not with reasonable diligence have been discovered until after the time when the verdict, report or decision was rendered or made, the application may be made by petition as in other cases, etc., but no motion shall be filed more than one year after the final judgment was rendered. This section clearly extends the time prescribed by the section relating to new trials referred to in § 464 to one year from the rendition of judgment, in all cases where the new evidence is not discovered until after the entry of the judgment or decision. The supreme court of Iowa has so held touching a statute almost identical with ours. *First Nat. Bank of Tama City v. Murdough*, 40 Iowa 26.

If these two sections could leave any doubt as to the correctness of our construction, that doubt is removed by a reference to § 467 (which is § 4 of the act of 1875), relating to the commencement of proceedings to vacate a judgment upon the grounds stated in the other seven subdivisions of § 464, numbered from 2 to 8, inclusive. If § 465 does not apply to

the first subdivision, namely, the granting of new trials for the causes prescribed in the section relating to new trials, it is meaningless and applies to nothing. Clearly it does so apply. It follows, therefore, that as to any evidence newly discovered within one year from the entry of the judgment, there is an adequate remedy at law, and, under elementary principles, an independent suit in equity would not lie.

Appellant's further contention that, since in any event §§ 464 and 465 afford no remedy if the new evidence be not discovered within one year from the entry of judgment, therefore in such a case an independent suit in equity to vacate the judgment on that ground must lie, seems to us to present a *non sequitur*, in view of the history and purpose of the statutes relating to new trials.

Respondents contend that the remedy provided by §§ 464 and 465 of Rem. & Bal. Code applies to all cases where the new evidence, by the exercise of due diligence, is not discovered until too late for the ordinary motion, and that the remedy so provided is exclusive; that the statute is one of repose and that, after the expiration of one year from the entry of final judgment, a suit in equity for a new trial upon the ground of newly discovered evidence cannot be maintained unless the failure to discover the new evidence within the year was occasioned by the concealment or fraud of the adverse party. A most careful consideration of the matter convinces us that this position is sound. There is nothing properly within the decision in *State ex rel. Post v. Superior Court*, 31 Wash. 53, 71 Pac. 740, which militates against this view. In that case the petition was filed within one year from the date of the entry of the judgment. The statutory method was held exclusive when the facts upon which it is based are discovered in time for the statutory remedy. The statement that "otherwise resort may be had to a suit in equity" was unnecessary to the decision. Moreover, the decisions there cited, *Chezum v. Claypool*, 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955, and *Peyton v. Peyton*, 28 Wash. 278, 68 Pac.

757, neither of them announces the rule that resort may be had to equity in order to vacate a judgment after the expiration of one year in the absence of fraud.

While the *Peyton* case expressly holds that a suit in equity to vacate a judgment for fraud practiced by the prevailing party could only be maintained after the expiration of the year, when the fraud is not discovered until after the expiration of the right to resort to the statutory remedy, this is merely in keeping with the general rule that fraud concealed tolls the running of every statute of limitations till its discovery and that courts of equity are always open for relief against fraud. In the *Post* case itself, the petition for vacation was based upon alleged fraud, as is shown in the subsequent opinion of *Post v. Spokane*, 35 Wash. 114, 76 Pac. 510. When construed, therefore, both in relation to the *Post* case itself and in relation to the cases cited in its support, the language quoted from *State ex rel. Post v. Superior Court, supra*, was clearly intended as applying only to cases of concealed fraud or fraud by concealment.

It is a legal commonplace that in construing remedial statutes courts will look to the prior law and the mischief to be met in order to determine the scope of the remedy. The power to grant new trials has always been largely discretionary. At common law it was first sparingly exercised, only for matters appearing in the record, never after the entry of judgment, and never for newly discovered evidence. *Moore v. Coates*, 35 Ohio St. 177. Later this was accepted as a ground, but only with caution and in extreme cases. See Hilliard, New Trials (2d ed.), p. 493, and cases there cited.

At common law, judgment was not entered until the next term after trial, and then only on notice. Motions for new trial were required to be made within the first four days of the succeeding term, thus insuring their presentment before judgment. *Conklin v. Hinds*, 16 Minn. 457; 2 Blackstone, Commentaries (3 Lewis's ed.), p. 387.

In suits in equity, new trials after judgment were obtained through bills of review, and when for newly discovered evidence, the time was left entirely to the discretion of the court, governed by the equities of the particular case. Apparently there was no limit to the exercises of this discretion short of twenty years. 2 Daniell, Chancery Pleading & Practice (6th Am. ed.), p. 1565. Owing to the shortness of time within which a court of law could grant a new trial for new evidence, courts of equity in time assumed jurisdiction to relieve against judgments at law by enjoining their enforcement on the ground of newly discovered evidence. While this jurisdiction was sparingly exercised, there seems to have been no acknowledged limit of time save the general doctrine of laches, dependent on the facts of each case.

Such being the prior law, the mischief was obvious. Courts of law could not relieve against a judgment after its entry, on the ground of newly discovered evidence, however great the injustice or manifest the hardship. On the other hand, courts of equity could relieve against their own decrees or interfere with judgments at law almost *ad libitum*, thus importing an element of uncertainty into every case and inviting endless litigation. It was to meet this mischief that statutes such as ours were passed. In jurisdictions where the distinction between law and equity has been preserved, the power of the law courts to grant new trials has been enlarged, and the power of courts of equity to entertain bills of review has been limited in time. In jurisdictions where, as here, the distinction between actions at law and suits in equity has been abolished, the mischief of the old law has been met by statutes regulating new trials in all classes of actions without distinction, to the end that there might be a certain finality to both judgments and decrees. As stated in *Williams v. Starkweather*, 24 R. I. 512, 53 Atl. 870:

"The difference between a bill of review and a petition for rehearing is technical rather than substantial. Both seek

to set aside and reverse an original and final decree. It is important in equity proceedings, as well as in actions at law, that there should be a time when decrees become fixed and absolutely final."

It seems too clear for argument that, by abolishing the distinction between actions at law and suits in equity and adopting the one year limit of time within which courts may vacate judgments for newly discovered evidence, it was the clear intention in this state to limit the time within which the judgment of a court of competent jurisdiction and which had legally acquired jurisdiction of the parties and subject-matter could be, either directly or collaterally attacked. This is indicated in *First Nat. Bank of Tama City v. Murdough, supra*, where it is said:

"If this section does not apply to that ground for a new trial, then there is no limitation upon the time within which a new trial may be demanded because of newly discovered evidence. The true construction is this: if the application for a new trial because of newly discovered evidence is made at the term and within three days, it must be made upon motion, supported by affidavits; if made after the term, it must be made within one year, and by petition as in other cases."

It is said in *Moore v. Coates, supra*, that a petition filed under the statute "is a substitute for the remedy by bill in equity for a new trial, on the ground of newly discovered evidence." Though the distinction between actions at law and in equity has been abolished in this state, the substance of equity has not been abolished. Equity will always relieve against fraud whenever discovered. Such was the basis of the decision of this court in *Peyton v. Peyton, supra*.

The decisions cited by the appellant from other jurisdictions, though containing language which would seem to sustain its position, when considered in connection with the statutes involved or the facts of the particular case, seem to us to go no further than we have gone in the *Peyton* case.

The Oregon cases of *Hilts v. Ladd*, 35 Ore. 237, 58 Pac. 32, and *Nessley v. Ladd*, 30 Ore. 564, 48 Pac. 420, seem to rest largely upon a statute of Oregon which, though abolishing bills of review, provides that a decree in equity may be impeached or set aside by an original suit. 1 Hill, Annotated Laws of Oregon, § 381. No statute such as our sections 464 and 465 of Rem. & Bal. Code is referred to or discussed in either case.

While in the case of *McConkey v. Lamb*, 71 Iowa 636, 33 N. W. 146, it is said that it has been held that courts of equity have jurisdiction to grant relief against judgments in certain cases where the ground of relief is not discovered until after the expiration of one year from the rendition of the judgment, further on it is clearly made to appear that, where the relief is on the ground of newly discovered evidence, it must appear that there was some fraudulent concealment of the facts on the part of the adverse party. Holding the petition in that case insufficient, the court said:

"It is simply alleged that defendant did not have title to a portion of the real estate which he contracted to sell plaintiff, and that she had no knowledge of that fact for more than one year after the judgment was obtained. It is not averred that there was any fraudulent concealment of the fact from her; nor is it shown that she could not have ascertained the fact by inquiry or examination before the judgment was rendered."

The case of *California Beet Sugar Co. v. Porter*, 68 Cal. 369, 9 Pac. 313, was also a case of fraud in which, as appears in the opinion, the party bringing the suit to set aside the judgment was prevented from making his defense through fraud and deception practiced upon him by his opponent, and it was held that such a case was one wholly outside of the statute and therefore still cognizable in equity.

We have been cited to no case where a statute such as ours was involved, in which it has been held that a judgment

or decree may be set aside for newly discovered evidence after the statutory period has expired, in the absence of fraud or concealment by the adverse party.

II.  Our solution of the first question necessarily disposes of the second.  Having found that a suit in equity will only lie to vacate a judgment and review the facts on the ground of newly discovered evidence not discovered until after the expiration of one year from the rendition of the judgment where the failure of discovery is due to the fraud or concealment of the adverse party, it is manifest that the complaint here stated no cause of action.  The principal evidence relied upon was discovered in time to have been available under the statute.  As for the other evidence, there was no allegation that the failure to discover it was in any manner traceable to any fraud or concealment of the defendants. In fact the complaint shows it was found among the papers of the appellant's predecessor in interest; the place where one would most naturally expect to find such a paper.  The demurrer to the complaint was properly sustained.

The judgment is affirmed.

MORRIS, C. J., FULLERTON, and MAIN, JJ., concur.