[No. 13579. Department One. May 21, 1917.]

CHARLES W. LITZELL, *Respondent*, v. LINNIE B. HART, *as
Administratrix etc., Appellant*.[1]

JUDGMENT—MODIFICATION—EFFECT OF FINDINGS. In a proceeding
to modify a judgment to conform to the findings, the findings in the
former suit, unobjected to or appealed from, are conclusive.

HUSBAND AND WIFE—COMMUNITY PROPERTY—CONVEYANCE BY WIFE.
Assignments and deed by a wife of community property, claiming
the same as her separate property, without the consent of the hus-
band, convey no title.

EXECUTORS AND ADMINISTRATORS—ACTIONS—COMMUNITY PROPERTY
—FINDINGS—JUDGMENT. In an action to determine the status of
property claimed by both husband and wife as the separate prop-
erty of each, a finding that neither had sustained the burden of prov-
ing their separate claims, and that the property was community
property, does not warrant a judgment assigning a half interest to
each spouse individually, in severalty or otherwise.

JUDGMENT—MODIFICATION—PARTIES ENTITLED—PRIVIES. Heirs,
legatees and devisees being privies to judgments touching the estate
in actions by administrators or executors, a legatee under a will has
the same right as though he had been a nominal party to apply
within one year for the vacation or modification of a judgment en-
tered in an action against the administratrix determining the right
of the estate to community property of the testatrix.

SAME—MODIFICATION—POWER OF COURT—PARTIES ENTITLED. Where
the original judgment entered is not the decree actually rendered
and intended to be entered by the court, the court has inherent
power to modify the judgment to conform to the actual decision, and
this may be done at the suit of any person injuriously affected.

SAME—MODIFICATION—DILIGENCE. A proceeding to modify a judg-
ment within the statutory period of one year will not fail for want
of diligence where there was no abuse of discretion in entertaining
the proceeding, which was instituted a very short time after the
discovery of the facts.

SAME—MODIFICATION—MERITORIOUS CAUSE. In a proceeding to
modify a judgment, a meritorious cause of action to reform the
judgment is shown where it appears that the judgment actually en-
tered did not conform to the judgment and decision rendered and in-
tended to be entered by the judge.

[1]Reported in 165 Pac. 393.

SAME—MODIFICATION—FRAUD IN LAW. Relief from a judgment which did not conform to the decree and decision of the court will not be denied because the attorneys intended no fraud, where it appears that they did not divulge to the judge that the judgment did not conform to his decision, and it was being used by the party to avoid a just payment and operated as a fraud in law.

COSTS—WITNESS FEES. Costs taxed at $53.33 for the fees and mileage of a witness, should on motion be retaxed at the sum of $30 actually received by the witness in lieu of his fees and mileage.

Appeal from a judgment of the superior court for Okanogan county, Albertson, J., entered March 2, 1916, in favor of the plaintiff, in an action to reform a judgment, tried to the court. Affirmed.

*H. M. Brooks*, for appellant.

*Smith & Gresham*, for respondent.

ELLIS, C. J.—This is an action to amend and reform a decree to make it speak the actual decision of the court. The facts are complicated and require a full statement.

The original action was brought by Alfred L. Parkhurst, as plaintiff, under a power of attorney from his father, W. A. Parkhurst, against the Bank of Oroville, to recover possession of certain securities—notes, mortgages, assignments of mortgages, and deeds of real estate. It was claimed that the securities in question belonged to W. A. Parkhurst as his separate property, and had been left with the bank to be returned to him on demand. Virginia A. Parkhurst, wife of W. A. Parkhurst, intervened, claiming that the securities were hers in her own right, and asked that they be delivered to her. The bank was a mere stakeholder. After the action was commenced, W. A. Parkhurst died. Still later, but before trial, the intervener, Virginia A. Parkhurst, died. Thereafter the action was prosecuted by Alfred L. Parkhurst individually, and Alfred L. Parkhurst as administrator of the estate of W. A. Parkhurst, deceased, and the complaint in intervention was prosecuted by Linnie B. Hart, a daughter of the intervener, individually and as administratrix with

the will annexed of the estate of Virginia A. Parkhurst, deceased. By the will, Virginia A. Parkhurst left her whole estate to her daughter, Linnie B. Hart, and her son, one A. L. Kitchen, share and share alike, subject to a prior legacy of $1,000 to her brother, Charles W. Litzell, plaintiff in this action.

The original action was tried in the superior court of Okanogan county, Honorable William A. Huneke, of the superior court of Spokane county, visiting judge, presiding. That cause was tried to the court on evidence which is not before us. Judge Huneke, on his return to Spokane, where principal counsel for both parties resided, decided the case in a memorandum decision, unsigned, but in his own handwriting, which appears in the record now before us. The memorandum shows that, at the trial, the sole question of fact considered and determined was the ownership of the securities, that is, whether they belonged to W. A. Parkhurst in his lifetime in his separate right, or to Virginia A. Parkhurst in her lifetime in her separate right, or to the marital community consisting of these two as their common property. After a commendably lucid resume of the evidence, Judge Huneke found, as a matter of fact, that all of the property in question in that action had been acquired during their marriage by the joint efforts of W. A. and Virginia A. Parkhurst, invoked the familiar presumption that all property acquired during the marriage is community property and that the burden is upon him who disputes it; further found that neither party had sustained that burden, and decided, in substance, that all of the property was community property of W. A. Parkhurst and Virginia A. Parkhurst, his wife, in their lifetime, and that one-half should go to her estate by operation of law. The decision concluded with a direction that "judgment may be prepared awarding half the property to the intervener and the rest to plaintiff."

Notwithstanding the explicit finding that this property was community property, and the necessary legal conclusion that

it should go in equal parts to the two estates, the decree actually presented to, and signed by, Judge Huneke awarded a part of the securities to Alfred L. Parkhurst, as owner thereof, and the remaining part, by specific descriptions, to Linnie B. Hart, individually and in her sole and separate right.

A few days before the expiration of one year after the entry of this decree, plaintiff herein, who is concededly a legatee in the sum of $1,000 under the will of Virginia A. Parkhurst, brought the present action. He contends that the decree was at variance with the findings of Judge Huneke and with the decree that Judge Huneke actually directed to be entered, and that Judge Huneke signed the decree in ignorance of such variance. He avers that the decree, by reason of this variance, is essentially in fraud of his rights, in that it leaves no property in the estate of Virginia A. Parkhurst, deceased, out of which his legacy can be paid. He charges that the entry of the decree was procured through fraud practiced upon the court. He seeks so to amend the decree that the property thereby awarded to Linnie B. Hart in her separate right shall be awarded to the estate of Virginia A. Parkhurst, deceased, to the end that it may be available for the payment of his legacy.

A demurrer to the complaint on nearly all of the statutory grounds was overruled. The cause was tried before the court, Honorable R. B. Albertson, of the superior court for King county, visiting judge, presiding. Judge Huneke was a witness, and testified, in substance, that, before the entry of the decree, he submitted his memorandum decision to the principal attorney for plaintiffs and to the attorney for the intervener in the original action, and that he entered the decree in that action assuming that it conformed to his findings, and that he would not have signed that decree if he had known that it did not so conform. Both of the attorneys to whom Judge Huneke submitted his memorandum decision as a guide in framing a decree testified, in substance, that it was agreed

between them that the interests of their clients would be best
served by awarding to them individually specific moieties of
the property so as to relieve it from the expense of adminis-
tration.    The attorney for plaintiffs in that action testified
that it was agreed at the time that Linnie B. Hart should pay
the plaintiff in this action his legacy of $1,000, but, as perti-
nently remarked by Judge Albertson in his decision in this
case, "in what way the interest of her brother, who, under the
will of Virginia A. Parkhurst, was a residuary legatee with
herself, was to be protected, does not appear from the record."

There was evidence that, prior to the death of W. A. Park-
hurst, his wife, Virginia A., had executed to Linnie B. Hart
assignments of some of the securities involved in the original
action, and a deed purporting to convey to her certain lots in
the town of Oroville, also involved in that action.    But Judge
Huneke found that all of this was community property.    That
finding Judge Albertson held, and we think soundly, is con-
clusive in this proceeding.    Had either party felt aggrieved
by that finding, there was just one way to avoid its necessary
legal effect.    That was by suffering a judgment to be entered
upon it and appealing from that judgment.    In the face of
that finding, it is manifest that the assignments and deeds
above mentioned conveyed no title to Linnie B. Hart.    They
were not made nor joined in by the managing member of the
community, nor made for a community purpose.    Further-
more, Linnie B. Hart, as intervener for herself and as admin-
istratrix with the will annexed of her deceased mother's estate,
could hardly contend that, at the same time, she and her
mother were separate owners of the property.

Upon the evidence, Judge Albertson decided, and we think
he was fully justified in so holding, that, "under the ruling of
Judge Huneke, no part of the property should have been
adjudged to belong to the plaintiff Alfred L. Parkhurst, in-
dividually, either in severalty or otherwise, and that no part
of the property should have been adjudged to belong to Lin-
nie B. Hart, individually, in severalty or otherwise."    But the

plaintiff in the present proceeding does not ask an amendment of the decree so that it shall fully conform to the actual decision. He asks only that it be so amended in so far as it affects the estate of Virginia A. Parkhurst, deceased. There was never any administration upon the community estate, nor any administration or distribution of the property, either in the estate of W. A. Parkhurst or in the estate of Virginia A. Parkhurst. Neither does it appear that W. A. Parkhurst left any will devising all or any of this property to Alfred L. Parkhurst, though it does appear that he left other children. Though noticing these facts, the able trial judge did not feel warranted in going beyond the prayer of the complaint, or in reforming the decree so as to protect persons not before the court who may or may not have any present interest to protect. He therefore entered a judgment ordering, adjudging and decreeing that the original judgment be and is declared void, set aside and held for naught, in so far as it decrees that Linnie B. Hart, individually, is the owner of any of the property, real or personal, described in that decree, except to the extent of her interest under the will of Virginia A. Parkhurst, deceased. Specific paragraphs of the original decree are then in terms amended and reformed so as to award to the estate of Virginia A. Parkhurst, by specific descriptions, all of the real estate and securities by the original decree awarded to Linnie B. Hart, individually. The decree as reformed further provides, in the event Linnie B. Hart has collected any of the notes, mortgages or sums due, or in the event she has sold any of the real estate mentioned, that she be held accountable therefor to the estate of Virginia A. Parkhurst, and awarded plaintiff judgment for his costs against Linnie B. Hart. From this decree of reformation, Linnie B. Hart prosecutes this appeal.

It is first contended that, inasmuch as respondent was not a party to the original action, he is not a proper party to apply for a reformation of the judgment. It is argued that he stands in the relation of a mere creditor of the estate of Vir-

ginia A. Parkhurst. On that assumption, the decision of this court in *Kuhn v. Mason*, 24 Wash. 94, 64 Pac. 182, is asserted as controlling. We think otherwise, for two reasons.

In the first place, our statute gives to executors and administrators powers which they did not possess at common law. It makes it their duty to take into possession all the estate of the deceased, real and personal. Rem. Code, § 1534. It empowers them to sue for the recovery of any property, real or personal, or for the possession thereof, and subjects them to suits in all cases in which such suits might have been maintained by or against their respective testators or intestates. Rem. Code, § 1535. Such statutes, in effect, make them representatives of the estates of the decedents in actions both as to real and personal property. *Gibson v. Slater*, 42 Wash. 347, 84 Pac. 648. Heirs, legatees and devisees are, therefore, privies to judgments touching the estate rendered in actions by administrators or executors, though they would not have been privies at common law. As said by Freeman, "the courts have generally given to the judgments in such actions the same effect as if the heirs and all other parties in interest were nominal parties thereto." 1 Freeman, Judgments (4th ed.), p. 305, § 163a; *Cunningham v. Ashley*, 45 Cal. 485. Respondent being as effectually bound by the original judgment, so long as it remains unmodified, as if he had been a nominal party thereto, the law would be lamentably deficient were it powerless to afford him a remedy. Being bound thereby as privy to the judgment, he has the same right to apply for its vacation or modification within the statutory period of one year from its entry as if he had been a nominal party. This, as a governing principle, is amply sustained by the authorities. *Blodget v. Blodget*, 42 How. Pr. 19; *McWillie v. Martin*, 25 Ark. 556; *First Baptist Church of Hoboken v. Syms*, 51 N. J. Eq. 363, 28 Atl. 461; *Richardson v. Loree*, 94 Fed. 375; 6 Pomeroy, Equity Jurisprudence, § 651.

In the second place, the trial court found, and the evidence conclusively showed, that the original decree was not the de-

cree actually rendered by the court. In such a case, the court has the inherent power to so modify the judgment entry as to make it conform to the judgment actually rendered. *O'Bryan v. American Inv. & Imp. Co.*, 50 Wash. 371, 97 Pac. 241. It follows as of course that this power can be invoked by any person injuriously affected.

From the foregoing it follows, as held by the trial judge, that it makes no difference whether this action be regarded as a proceeding by petition under the statute (Rem. Code, §§ 467, 468) or as an original suit in equity. It was commenced within the year, the appellant was served with summons, appeared and defended, and the court acquired complete jurisdiction. No rights of innocent third persons are affected.

It is next claimed that respondent has not proceeded with diligence. It is admitted that he did proceed within the statutory period of one year. In *Kuhn v. Mason, supra*, relied upon by appellant, it was merely held that, under the facts of that case, the refusal to grant a petition on the ground of lack of diligence within the year was not an abuse of discretion. This is a clear recognition of the principle that the question of diligence within the year is addressed largely to the discretion of the trial court. In the case before us, a bare statement of the facts presents equities so overwhelmingly in respondent's favor that we have no hesitancy in saying that there was no abuse of discretion in entertaining the complaint filed at any time within the year. Moreover, the only evidence upon the subject shows that respondent did proceed within a short time after he discovered the facts.

The claim that the complaint did not state, nor the evidence show, a meritorious defense or cause of action as required by Rem. Code, § 469, is without merit. It is based, first, upon the ground that respondent was not a party to the original suit. What we have already said effectually disposes of this ground. It is next based upon the claim that the

complaint does not show that a different judgment would result from a retrial of the original action. This is true, but it does show that the real judgment which did result from the first trial was different from the judgment entered. It, therefore, presented a meritorious cause of action to reform the judgment entry.

It is urged also that the judgment here should be reversed because there was no showing that fraud was practiced in obtaining the original decree, and because the trial court made no specific finding of fraud. True, it does appear that the attorneys who prepared and presented the decree intended no fraud in fact, but it does appear that they did not divulge to Judge Huneke the fact that it did not conform to his decision, and that he was thus induced to sign a decree which he never intended to sign. That decree, if unmodified, will deplete the estate and thus demonstrably operate as a fraud in law. Moreover, appellant herself, whatever the intentions of the attorneys, is now seeking to use that decree for a fraudulent purpose. She refuses to pay, or to recognize respondent's right to his legacy rightfully payable out of the estate now in her hands. In such a case relief will be granted, regardless of the failure to show actual fraud in the entry of the decree. *Benson v. Anderson,* 10 Utah 135, 37 Pac. 256.

Appellant attacks the costs bill on the ground that it taxed fees for the witness Huneke, including mileage from Spokane, at $53.33, whereas, on the motion to retax, an affidavit of Judge Huneke was presented showing that he actually received only $30, which he accepted in lieu of his mileage and per diem attendance as a witness. The above item of costs should be reduced to $30.

It is ordered that the judgment for costs be reduced in the sum of $23.33. In all other respects the judgment is affirmed. Respondent may recover his costs on this appeal.

CHADWICK, MORRIS, MAIN and WEBSTER, JJ., concur.