[No. 13750.  Department One.  April 15, 1918.]

## In Re Shilshole Avenue.

BOLCOM MILLS, INCORPORATED, *et al.*, *Respondents*,
v. THE CITY OF SEATTLE, *Appellant*,
EDWIN E. CAMPBELL, *Petitioner*.[1]

JUDGMENT — VACATION — LIMITATIONS.  Application under Rem. Code, § 303, for relief from a judgment taken through mistake, inadvertence, surprise or excusable neglect, must be made within one year from the date of the judgment.

SAME—VACATION—LIMITATIONS — PENDENCY OF APPEAL.  Where, owing to the pendency of an appeal, the period of one year within which relief might be had for mistake or excusable neglect expires before discovery of the mistake, the supreme court will, upon proper showing, grant leave to apply to the lower court for the vacation of the judgment for the causes set forth in Rem. Code, § 303; since the time of the pendency of the appeal should not be counted as part of the time limited.

ELLIS, C. J., dissents.

Application filed in the supreme court January 23, 1918, for leave to file a petition for the vacation of a judgment upon remittitur, entered by the superior court of King county, French, J.  Granted.

*Hugh M. Caldwell, Walter F. Meier,* and *Edwin C. Ewing,* for appellant.

*William E. Froude* and *Higgins & Hughes,* for respondent.

FULLERTON, J.—The city of Seattle caused a change of grade in certain of its streets and avenues, the change being made necessary by the construction of the Lake Washington canal.  To meet the expense of reconstructing the streets to make them conform to the grades established, an assessment was levied upon abutting and adjoining property claimed by the city to

[1]Reported in 172 Pac. 338.

be benefited by the change. Among the property so assessed, were lots 28 and 29, in block 71, of Gilman Park addition to the city of Seattle, then and now the property of one Edwin E. Campbell. Lots in the block named belonging to other owners were also assessed and Campbell, along with these owners, objected to the assessments before the city council. When the assessment roll was brought on for hearing by that body, the objections were overruled, and Campbell, with the other owners, appealed to the superior court. At the conclusion of the hearing in the superior court, a judgment was entered canceling the assessments on all of the lots in block 71 except the assessment upon lot 28. From the judgment of the superior court, the city appealed to this court, where the judgment was affirmed. The record shows that the judgment of the superior court was entered on February 29, 1916, that the opinion of the court affirming the judgment was handed down on February 8, 1917, and that remittitur was forwarded to the superior court on April 11, 1917.

On January 23, 1918, Campbell filed in this court the application now before us, asking leave of this court to petition the lower court for a modification of the judgment. The application was accompanied by an affidavit in which it is averred that lot 28 was in the same situation as other lots in block 71 in so far as the legality of the assessment was concerned, and that the court in fact did order the assessment upon the lot canceled, but that it was not included in the formal judgment entered through mistake and inadvertence; the affidavit further averring that the applicant did not discover the omission until the city had threatened to enforce the assessment after the return of the remittitur from this court.

The city of Seattle opposes the application on the ground that it was not made within a year after the

entry of the judgment in the trial court. Against this the applicant contends, first, that it is an application under § 303 of the code (Rem.), and that there is no limitation as to the time within which an application may be made to relieve from a judgment on the grounds therein recited, notwithstanding there may be a limitation to an application under Rem. Code, §§ 464-473. In support of this position, the applicant cites the case of *Marston v. Humes,* 3 Wash. 267, 28 Pac. 520. It must be conceded that the case as decided holds that, outside of the general statute of limitation, there is no limitation as to the time within which a party may be relieved from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. It will be seen, however, from an examination of the opinion, that the question was not much considered by the court, as it was ''practically conceded by counsel for the petitioner that . . . the court had jurisdiction to enter the order in question, . . .'' But if the case is to be taken as authority for the proposition, it has been many times overruled. Since the decision in that case, although without directly referring to it, we have repeatedly held that the limitation of one year prescribed in § 466 of the code fixed the extreme limit within which judgments can be vacated on motion or by petition.

The question was squarely before us in *Keith v. Rose,* 59 Wash. 197, 109 Pac. 810. That was an appeal from a judgment entered in an action brought to recover real property sold under a judgment in a tax foreclosure proceeding which had been vacated on motion after the sale was made and after the limitation of one year. We held the vacation without force, because made after the year had expired and after the court had lost jurisdiction over the subject-matter. In

the course of the opinion Chief Justice Rudkin used this language:

"Proceedings to vacate a judgment must be instituted under either section 303 or section 464, Rem. & Bal. Code. Under section 303 as originally enacted (Code of 1881, § 109), the application had to be made within a reasonable time, not exceeding five months after the expiration of the term. Terms of court were abolished by the constitution, and the limit with reference to the term was left out of the amendment of February 26, 1891, Laws of 1891, p. 106 (Rem. & Bal. Code, § 303), but the legislature did not thereby intend that such motions should be entertained at any time after judgment. Section 466, Rem. & Bal. Code, fixes the extreme limit beyond which judgments cannot be vacated on motion at one year, and such has been the limitation uniformly applied by this law. *Greene v. Williams,* 13 Wash. 674, 43 Pac. 938; *Denton v. Merchants' Nat. Bank,* 18 Wash. 387, 51 Pac. 473; *Boston Nat. Bank v. Hammond,* 21 Wash. 158, 57 Pac. 365; *Twigg v. James,* 37 Wash. 434, 79 Pac. 959; *Scott v. Hanford,* 37 Wash. 5, 79 Pac. 481."

To the cases cited by the learned chief justice may be added the following subsequent cases: *State ex rel. Pacific Loan & Inv. Co. v. Superior Court,* 84 Wash. 392, 146 Pac. 834; *Denny-Renton Clay & Coal Co. v. Sartori,* 87 Wash. 545, 151 Pac. 1088; *Davis v. Seavey,* 95 Wash. 57, 163 Pac. 35; *Litzell v. Hart,* 96 Wash. 471, 165 Pac. 393; *Burke v. Bladine,* 99 Wash. 383, 169 Pac. 811; *State ex rel. Northern Pac. R. Co. v. Superior Court, post* p. 144, 172 Pac. 336.

We have no doubt, therefore, that notwithstanding the case relied upon by the applicant, the prevailing rule is that an application for relief from, or for the modification or vacation of, a judgment, whether made under § 303 or under §§ 464-473 of the code, must be made within a year from the entry of the judgment.

A second contention is that the limitation, conceding it to apply to § 303, is not a bar to the present application. From the facts before recited, it will be observed that the judgment was in favor of the applicant, that the opposing party appealed therefrom, that the appeal pended in this court until after the expiration of a year from the date of the entry of the judgment in the superior court, and that the applicant did not discover the inadvertence therein until after it had been remanded on affirmance by this court. It is urged that, because of this condition, either the period of limitation should be held to begin to run from the date of the affirmance of the judgment by this court, or the time during which the cause was pending in the appellate court should not be counted in determining the period of the statute; otherwise a litigant affected by an inadvertent judgment entry may be denied the benefit of the statute. We think there is merit in the contention, especially in view of our holdings on cognate questions. We have held that an appeal from a judgment of the superior court transfers the cause to this court, and that the superior court is without power pending the appeal to vacate, change or modify the judgment. *State ex rel. Mullen v. Superior Court,* 15 Wash. 376, 46 Pac. 402; *Canada Settlers' Loan & Trust Co. v. Murray,* 20 Wash. 656, 56 Pac. 368; *Aetna Ins. Co. v. Thompson,* 34 Wash. 610, 76 Pac. 105; *Inland Nursery & Floral Co. v. Rice,* 56 Wash. 21, 104 Pac. 1117; *Gust v. Gust,* 71 Wash. 75, 127 Pac. 566; *Kawabe v. Continental Life Ins. Co.,* 99 Wash. 214, 169 Pac. 329.

We have held, also, that this court, in the consideration of an appealed cause, must consider it upon the record as made, being without power to open up the cause for the introduction of extrinsic matters or to authorize the trial court to do so while it still retained

jurisdiction of the cause. *Kawabe v. Continental Life Ins. Co.,* 97 Wash. 257, 166 Pac. 617.

So we have held that a judgment of the superior court, appealed to this court and determined upon its merits, becomes in effect a judgment of this court, and that the trial court is without power after its remand to vacate or otherwise modify it on motion or petition except in such manner as may be necessary to carry out the mandate of this court. *Kath v. Brown,* 53 Wash. 480, 102 Pac. 424, 132 Am. St. 1084; *Richardson v. Sears,* 87 Wash. 207, 151 Pac. 504; *Pacific Drug Co. v. Hamilton,* 76 Wash. 524, 136 Pac. 1144; *State ex rel. Jefferson County v. Hatch,* 36 Wash. 164, 78 Pac. 796; *State ex rel. Wolferman v. Superior Court,* 8 Wash. 591, 36 Pac. 443.

The latter rule is subject to the modification, however, that this court will, upon a proper showing made within the year, grant leave to apply to the lower court for the vacation of a judgment affirmed by this court, for all or any of the causes set forth in § 303 of the code or for any or all of the causes set forth in the chapter of the code included within §§ 464-473. *Post v. Spokane,* 28 Wash. 701, 69 Pac. 371, 1104; *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740; *Post v. Spokane,* 35 Wash. 114, 76 Pac. 510; *Kath v. Brown,* 69 Wash. 306, 124 Pac. 900; *Kawabe v. Continental Life Ins. Co., supra.*

It is readily seen from these holdings that, if the limitation prescribed in the statute is to be held to run without cessation from the date of the entry of the judgment in the superior court, a party to such a judgment may, without fault of his own, be denied the opportunity, granted him by the terms of the statute, to correct any defect therein. Appeals from judgment, it will be remembered, may be taken by giving oral notice at the time the judgment is rendered, or may

be taken by giving written notice immediately thereafter. Pending the appeal, the respondent therein has no control over it except to see that it is prosecuted with reasonable diligence; he may not during that time, either in the court of original jurisdiction or in the appeal court, move for the vacation or modification. As is shown in the present case and in other cases where rearguments have been found necessary, the appeal may pend for the entire statutory year no matter with what diligence it is pursued. In every case, therefore, when these conditions combine, a respondent who discovers an inadvertence in the judgment materially affecting his interests is, for want of an opportunity, denied the right to have it corrected. It is our opinion that this was not the purpose or intent of the statute. We think it was intended that the remedy should be open for a full year and lost, if lost at all, not by fortuitous circumstances without the control of the party, but by his own omission or neglect. So concluding, we hold that the time during which the appeal was pending should not be counted as part of the time within which the applicant was required to move against the judgment.

It is no answer to this position to say that the applicant himself might have appealed from the judgment. His *prima facie* showing is that he did not discover it in time. Moreover to hold that because he did not appeal he has lost the benefit given him by statute would be a perversion of the statute. The very purpose of the statute is to give an opportunity to correct inadvertences which were undiscoverable at the time of the judgment, or inadvertences existing at the time which the party is excused for failing to discover.

As shown in the case of *Denny-Renton Clay & Coal Co. v. Sartori,* 87 Wash. 545, 151 Pac. 1088, this court denied an application to vacate a judgment after the

year from the date of the entry of the judgment in the superior court made on the ground of newly discovered evidence, although it appeared that an appeal of the cause had intervened between the entry of the judgment and the date of the application which, had it been taken into consideration, would have shown the application to have been made within the statutory time. As shown in the opinion cited, the application was denied from the bench without a formal written opinion. Whether the question here discussed was suggested at the hearing does not appear. Conceding, however, that it was suggested, we cannot regard the ruling as controlling in the present case.

On the merits of the controversy, there is no denial of the facts set forth in the applicant's affidavit, and as these present a *prima facie* case for relief, we have concluded that the application should be granted. It must be understood, however, that the application is not hereby predetermined. We merely grant to the superior court leave to entertain an application for a modification of the judgment. That court will, in considering it, exercise its own judicial discretion.

Let an order be entered accordingly.

Parker, Webster, and Main, JJ., concur.

Ellis, C. J. (dissenting)—The application could have been made, and should have been made, to this court for leave to move for correction in the lower court within the statutory period of one year.